William R. Brennan, Jr., J.
In an action in which plaintiffs seek an injunction against interference by defendants with a right of way possessed by plaintiffs, and damages, the plaintiffs now move for summary judgment. They own a landlocked parcel of property, without frontage on any street, in the City of Glen Cove, for which they have “ an easement of ingress and egress ” over the easterly 12 feet of defendants’ premises to Elm Avenue. Both plaintiffs ’ and defendants ’ properties were formerly owned *752 by one William C. Pierce. In 1954, Pierce conveyed the Elm Avenue frontage and a dwelling thereon to the defendants. At about the same time he conveyed the rear parcel to plaintiffs’ father (now deceased), through whom they obtained title by deed.
The deed from Pierce to plaintiffs’ father included the grant of “an easement of ingress and egress * * * including installation of utilities ” over a strip of land, hereinafter referred to as the “right of way”, described by metes and bounds, constituting as already noted the easterly 12 feet of defendants’ property. Plaintiffs’ father thereafter built dwellings of some sort on the property conveyed to him, which have since been rented; and apparently the land was vacant when conveyed to him.
No road or entrance was ever constructed along the right of way described in the deeds. Instead, for a period of years, the plaintiffs and their tenants were permitted to use an existing driveway across defendants’ land to plaintiffs’ land, which driveway was in part to the west of the right of way described in the deeds, and passage was permitted to both pedestrians and vehicles. Early in 1960, defendants complained of misuse of the driveway and erected posts in it at or near its boundary with the right of way. Because at least one large tree and some smaller ones and brush are on the right of way described in the deeds, the erection of the posts on defendants’ driveway serves effectively to block vehicular traffic to the plaintiffs’ houses. Plaintiffs attempted to remove the trees and brush; defendants stopped them. This action resulted.
The extent of the rights of the respective parties in the grant of a right of way must be determined from the language. When that is uncertain or ambiguous, the circumstances surrounding it, and the situation of the parties, may be examined with a view toward arriving at the true intent of the parties. (Herman v. Roberts, 119 N. Y. 37, 42-43.) By the same token, when a grant is clear and unambiguous, the rights of the parties must be enforced within the limits of the grant. “ The construction of a plain contract is for the court.” (Brainard v. New York Cent R. R. Co., 242 N. Y. 125, 133.)
Defendants urge that the language of the grant to plaintiffs’ father above quoted excludes the right of passage by vehicles. The deed from Pierce to the defendants reserving the right of way described it in somewhat different language, as a “ right of way for installation and maintenance of public utilities and ingress and egress from Elm Avenue to and from the rear parcel of lands of the party of the first part over the easterly 12 feet *753 of the above described premises ”, followed by a description by metes and bounds. Defendants have also pleaded defenses of laches and the Statute of Limitations.
The plaintiffs’ premises are landlocked; they are situated over 180 feet from Elm Avenue, the equivalent of almost a city block; access is required for vehicles of residents and for service and emergency vehicles; and a 12-foot grant is far in excess of any right of way required solely for pedestrian traffic or any traffic less than vehicular traffic. There is no question that the right of way created in 1954 was intended for vehicular traffic. (Lattimer v. Sokolowski, 31 N. Y. S. 2d 880, 882 ; Western Auto Supply Co. v. Kominz Tire Co., 48 N. Y. S. 2d 256, 259.)
The plaintiffs and their tenants used the driveway and part of defendants’ lands for access to plaintiffs’ parcel until 1960. The placing by the defendants of the posts in their own driveway was within their rights and served to terminate any license that may have existed to use their land. This first attack on plaintiffs ’ user of the right of way in its entirety, as defined in the deeds, occurred in 1960. Under these circumstances, the defenses of laches and Statute of Limitations have no merit.
Accordingly, the motion for summary judgment is granted and the injunction will issue. Settle decree on notice providing for an assessment of damages if the plaintiffs be so advised and entry of a judgment therefor at the foot of the decree, but without costs. The assessment will be made at Special Term, Part III, after filing of a note of issue and statement of readiness.