■ 953 REALTY CORPORATION, Appellant-Respondent, v SOUTHERN BOULEVARD REALTY CORPORATION, Respondent-Appellant.—Order and judgment (one paper) entered in the Supreme Court, Bronx County, on November 14, 1974 modified, on the law, so as to declare that the easement instruments covering the alleyway between plaintiff's and defendant's property permit the use of said alleyway by motor vehicles for the purpose of delivering merchandise to the parties' respective premises and, as so modified, affirmed, without costs or disbursements. A 12-foot-wide court or alley separates buildings situated on real property owned respectively by plaintiff and defendant in the Bronx. The additional defendant, F. W. Woolworth Company, is a tenant and occupant of a portion of plaintiff's premises. Easement instruments running with the land and presently applicable to the premises in question, provide that the 12-foot-wide strip of land "shall not be built upon but shall remain as an open court or alley, with mutual easements of light, air and access". Such easement does not limit access to the premises by pedestrians only. It is general and without any restriction or limitation either as to the mode or means of access. The right of access should include the right to receipt and delivery of merchandise to and from both premises via the alleyway by means of motor vehicles. "The words ingress and egress are as applicable to the passage of horses and carriages, as they are to the passage of foot passengers." (Arnold v Fee, 148 NY 214, 217.) (See also 17 NY Jur, Easements and Licenses, § 145, p 426; Missionary Soc. of Salesian Congregation v Evrotas, 256 NY 86, 91; Gillespie v Weinberg, 148 NY 238; Abbondondolo v Pagano, 28 Misc 2d 751, 753, affd 15 AD2d 811.) Counsel fees were properly denied by the trial court. Such fees are not reimbursable in the absence of express authorization as in matrimonial actions and the like. (See Crane, Study of the Adequacy of Costs Allowable in Litigation, Sixteenth Annual Report of NY Judicial Conference, 1971, p 246 et seq.) Concur—Markewich, J. P., Lupiano and Nunez, JJ.; Tilzer and Lane, JJ., dissent in a memorandum by Tilzer, J., as follows: I would affirm. The trial court's conclusion that the subject easement does not permit use of motor vehicles is consistent with the wording of the easement, its history and prior use, as well as the current requirements of the affected properties. The easement, which was created in 1912, provides insofar as here relevant that "a strip of land 12 feet wide * * * shall not be built upon but shall remain as an open court or alley, with mutual easement of light, air and access [and that] each of the parties * * * shall keep its half of said court clean and free from rubbish and obstructions of any kind or description." It appears that until 1971, when the additional defendant commenced using the alley for trucks, it was utilized only by pedestrians. And indeed, it appears that the easement itself was created with the intent that it be used only by pedestrians—since plaintiff's building was previously used for various public and social events and defendant's building was used primarily as a theatre. Accordingly, numerous people would occupy both buildings at various times and the alley was necessary as an emergency egress. And, while concededly, the nature and use of the buildings has changed considerably, both build-

ings are still used by numerous people—plaintiff's premises still being partially operated for ballroom catering purposes and defendant's building being utilized primarily as a retail furniture establishment. Of even greater importance is the fact that use of the alley by motor vehicles violates the specific terms of the easement in that the parties were bound to keep the alley free of "obstruction of any kind". The record indicates that when motor vehicles are permitted in the alley such serves to block access to the rear of defendant's premises—which although not in present use, are rentable. That blockage falls within the proscription of the easement as above set forth.