■ BANKERS SECURITY LIFE INSURANCE SOCIETY, Appellant, v MARGARETA SHAKERDGE, Appellant, and ABRAHAM SHAKERDGE, Respondent.— Order, Supreme Court, New York County, entered September 15, 1975, unanimously reversed, on the law, and the motion of plaintiff-appellant Bankers Security Life Insurance Society to permit payment of insurance proceeds into court and to be thereby discharged from liability as a stakeholder, and to dismiss the counterclaim of defendant-respondent Abraham Shakerdge asserted against plaintiff-appellant, granted with one bill of $40 costs and disbursements to both plaintiff-appellant and defendant-appellant Margareta Shakerdge against defendant-respondent. Plaintiff-appellant Bankers Security's predecessor wrote an insurance policy on the life of Joseph Shakerdge, brother of defendant-respondent Abraham and husband of defendant-appellant Margareta; the named beneficiary was brother Abraham. When Joseph died, Abraham claimed under the policy, which claim

was rejected absent certain documents, later supplied. Almost simultaneously with completion of the submission by Joseph, Margareta made demand on Bankers Security for payment, threatening suit to impress a constructive trust on the principal sum and to restrain Abraham from receiving it. Bankers Security forthwith commenced the interpleader action (CPLR 1006, subds [f], [g]), and moved for discharge as a stakeholder. Special Term denied the motion on the basis that there was "no valid or reasonable basis for the widow's adverse claim to these proceeds * * * absent a showing that the deceased insured made some effort to comply with the policy terms in changing the beneficiary * * * as was purportedly intended." We do not agree. Special Term misapprehended the relief sought. Sufficient was present here, where the only real dispute was between Margareta and her brother-in-law, to have persuaded Special Term to permit plaintiff to discharge its obligation, leaving both claimants to the fund completely safeguarded against disbursal without court order. Though nothing was before the court save barest statement of the widow's colorable claim based on the confidential marital relationship (see *Sinclair v Purdy*, 235 NY 245; *Pagano v Pagano*, 207 Misc 474, affd 2 AD2d 756), Special Term decided the motion as though it had been for summary judgment as between the parties in interest. The motion was procedural in scope only, not lending itself to the disposition made. There is no merit in defendant Abraham's claim against plaintiff for punitive damage and counsel fees. There was no actionable or wanton breach by Bankers Security vis-à-vis Abraham *(James v Powell,* 19 NY2d 249, 260), nor is there any basis for the claim for counsel fee *(953 Realty Corp. v Southern Blvd. Realty Corp.,* 50 AD2d 731). Special Term erred in not acting upon plaintiff's motion to dismiss the counterclaim. Settle order on notice. Concur—Markewich, J. P., Murphy, Birns, Capozzoli and Nunez, JJ.