■ BANKERS SECURITY LIFE INSURANCE SOCIETY, Plaintiff, v MARGARETA SHAKERDGE, Respondent, and ABRAHAM SHAKERDGE, Appellant.—Judgment, Supreme Court, New York County, entered June 6, 1978, which, after a nonjury trial, awarded the proceeds of two insurance policies to defendant Margareta Shakerdge, unanimously reversed, on the law, without costs or disbursements, and judgment is directed to be entered in favor of defendant Abraham Shakerdge, awarding him the proceeds of the two insurance policies. Joseph Shakerdge had purchased two life insurance policies with a total value of $35,000. He named his brother Abraham as beneficiary on both policies. Approximately 12 years after purchase of the policies, Joseph married Margareta. Thirteen months after he married, Joseph died suddenly of a heart attack. He never changed the name of the beneficiary in the insurance policies. One insurance policy was issued by Bankers Security Life Insurance Society in the amount of $25,000, which remains unpaid. The second policy was issued by the Prudential Insurance Company of America in the amount of $10,000. The proceeds of the Prudential policy were paid to the named beneficiary, Abraham Shakerdge. Bankers Security instituted an interpleader action and sought permission to pay the policy proceeds into court and be discharged from any further liability. The motion was denied by Special Term, and this Appellate Division reversed the order of Special Term and granted the motion (Bankers Security Life Ins. Soc. v Shakerdge, 55 AD2d 568). The controversy over the proceeds of both policies was tried to the court without a jury, and a judgment was rendered in favor of Margareta, the widow of the decedent, establishing a constructive trust on the proceeds of both insurance policies. We would reverse and grant judgment to Abraham Shakerdge, the brother of the decedent and the named beneficiary under the policy. Four elements must be proven to impose a constructive trust; they are: "(1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment [citations omitted]" (Sharp v Kosmalski, 40 NY2d 119, 121). The proof adduced at the trial by Margareta consisted primarily of statements by Abraham, mostly made after the death of Joseph, assuring her that he would "take care" of Margareta and the baby. Margareta is seeking to enforce a claim on property which was never legally hers. No proof was adduced that Abraham promised to apply the proceeds of the insurance policies for the benefit of Margareta; that there was a fiduciary relationship between them; that there was a transfer of funds by Margareta in reliance on a promise made by Abraham; or that Abraham, the conceded named beneficiary, would be unjustly enriched by receiving the proceeds. In short, the evidence required to prove the four elements of a constructive trust was not forthcoming. Therefore, Abraham Shakerdge, the named beneficiary under the two policies in question, is entitled to the proceeds of those policies. Concur—Murphy, P. J., Kupferman, Fein, Lane and Lynch, JJ.