DEYLING ET AL., APPELLEES, *v.*
FLOWERS ET AL., APPELLANTS.

(No. 45281—Decided March 31, 1983.)

*Mr. Clifford E. Bruce,* for appellees.
*Mr. Stanley Flowers, pro se.*

PRYATEL, J. In August 1976, Kenneth and Yvonne Deyling filed a complaint against Stanley and Victoria Flowers claiming interference with an easement. Defendants answered and counterclaimed,[1] seeking damages and a declaration of rights concerning the easement. After trial the court found for plaintiffs. This judgment was appealed and this court reversed on grounds not pertinent to this appeal. The case was again tried and judgment granted once more in favor of plaintiffs.

Plaintiffs' property is located at the rear of defendants' property and does not front on any roadway. Defendant's property on the other hand fronts on Pleasant Valley Road. The claimed easement provides access to plaintiffs' land and runs along the easterly forty feet of defendants' property, from Pleasant Valley Road back to plaintiffs' property. Both that property now held by plaintiffs and that by defendants was originally held by John and Marie Brugge as part of a farm. They then granted easements as they sold

---

[1] This counterclaim was dismissed and discharged by the trial court's journal entry in this matter.

the surrounding property. In 1953, both parcels were conveyed by the Brugge family to Roger and Jeanne Albright. In October 1956, Albrights transferred the rear parcel along with an easement over the remaining property (now defendants') to Fred Deyling, Sr. One week later, Albrights transferred the property fronting on Pleasant Valley Road to Michael and Stella Blazniak. In 1958 the Blazniaks transferred it to defendants, Stanley and Victoria Flowers, without mention of any easements. Plaintiffs subsequently acquired their property through their family.

At trial, plaintiffs presented evidence that they are entitled to the easement on the easterly forty feet of defendants' property which connects their property to East Pleasant Valley Road. In support of their position, plaintiffs presented an indenture of easement granted to plaintiffs' predecessor in interest (Fred Deyling, Sr.) on October 24, 1956 and recorded November 5, 1956.

Plaintiffs hired a surveyor to ascertain the exact location of the described easement who also testified that a fence built by defendants on the back of their property actually extended onto plaintiffs' land. Evidence was adduced that several other owners of land in the area were entitled to this easement as a result of the initial conveyances from John Brugge. Plaintiffs further established that they had used this easement without incident for several years while defendants lived there.

Defendants argued that they were not bound by this easement, contending that their predecessors in interest, Michael and Stella Blazniak, were unaware of the indenture of easement given by Albrights since they purchased their property from them on October 30, 1956 (recorded November 16, 1956). Defendants did concede, however, that they failed to conduct a title search which would have informed them of the prior easements granted by the Brugge family. Defendants further introduced evidence that the scope of the easement had been enlarged from mere "ingress and egress" to one for "roadway purposes."

The court found for the plaintiffs, enjoining defendants from obstructing the easement and ordering them to remove the encroaching fence as well as to pay damages.

Defendants now appeal that decision citing five assignments of error.

### Assignment of Error No. I

"I. The trial court erred by finding an easement for roadway purposes."

Defendants' contention is founded upon two bases. First, they state the principle that an easement is not valid against a bona fide purchaser without notice. See R.C. 5301.25(A).[2] They argue that the Blazniaks (their immediate predecessors in interest) could not be bound by the indenture of easement granted to Fred Deyling, Sr., since it was not recorded until after they bought their own property.[3]

The land at issue was originally held by John and Marie Brugge. As we have

---

[2] R.C. 5301.25(A) reads:

"All deeds, land contracts referred to in division (B)(2) of section 317.08 of the Revised Code, and instruments of writing properly executed for the conveyance or encumbrance of lands, tenements, or hereditaments, other than as provided in section 5301.23 of the Revised Code, shall be recorded in the office of the county recorder of the county in which the premises are situated, and until so recorded or

filed for record, they are fraudulent, so far as relates to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of such former deed or land contract or instrument."

[3] It should be noted, however, that Deyling, Sr. recorded this easement and deed on November 5, 1956, prior to the time the Blazniaks recorded their deed.

pointed out, they granted easements as they sold the parcels of land. In 1953, that land (now held by both plaintiffs and defendants) was conveyed to Roger and Jeanne Albright. The Albrights then conveyed the rear portion (now held by plaintiffs) to Deyling, Sr. Even if the Blazniaks were unaware of the easements on record, an implied easement by necessity had already been created over that property still held by the Albrights in favor of the Deyling property. See *Trattar* v. *Rausch* (1950), 154 Ohio St. 286 [43 O.O. 186]. This implied easement was subsequently reduced to an express indenture of easement between Deyling, Sr. and the Albrights.

One week later, the Albrights transferred the remaining property to the Blazniaks. The deed mentioned that it was subject to all easements then on record. Although Deyling, Sr. had not recorded this deed or easement yet, the Blazniaks were on actual or constructive notice of others who had earlier been granted the same easement. Furthermore, the Blazniaks were aware that the property behind theirs had also been transferred and that it did not front on any roadway.

While the Blazniaks' deed to defendants did not refer to any easements, a title search would have revealed to defendants the existence of the previously granted easements. Furthermore, the failure of the deed from the Blazniaks to mention any easements does not deny the existence of an easement already granted, but only serves to allow defendants to maintain an action against the Blazniaks for faulty title.

Defendants' second argument is that the court expanded the use of the easement from "ingress and egress" as stated in the earlier conveyance to one for "roadway purposes" as stated in the indenture agreement.

Defendants' argument assumes that "ingress and egress" in the original easement limits the use of the easement to those travelling on foot. In support of this, defendants point out that another easement granted by the original owners of all this land was to be used for "roadway purposes," thus making a distinction.

We do not agree with defendants' analysis. The words "ingress and egress" are applicable to those on foot, as well as those travelling by automobile. See *953 Realty Corp.* v. *Southern Blvd. Realty Corp.* (1975), 50 A.D. 2d 731, 376 N.Y.Supp. 2d 124. Additionally, there was evidence that a gravelled road was laid down for the very purpose of allowing vehicular traffic. Moreover, the second easement (on the back property) is of no value unless the prior easements (on the front property) are also available.

Accordingly, defendants' first assignment of error is overruled.

### Assignment of Error No. II

"II. The trial court erred in finding that apppellant's [*sic*] fence extended onto appellee's [*sic*] property and ordering removal of the fence."

Defendants contend here that the court erred in finding that the fence encroached onto plaintiffs' property since that issue was not raised by the pleadings. However, Civ. R. 15(B)[4] allows the

---

[4] Civ. R. 15(B) reads:

"*Amendments to conform to the evidence.* When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the

pleadings to be amended at any time so as to conform to the evidence. Moreover, failure to amend does not affect the result of the trial of these issues. Civ. R. 15(B).

Indeed, defendants cannot now raise a lack of consent as a bar as they contested this issue at trial, through both direct and cross-examination.

Accordingly, defendants' second assignment of error is overruled.

### Assignment of Error No. III

"III. The trial court erred when it did not render a verdict and judgment in favor of the defendant-appellants on motion for judgment not withstanding [sic] the verdict at the end of the entire case."

Defendants base this assignment of error on the trial court's allowing an uncertified copy of plaintiffs' deed into evidence to prove their ownership of the property located behind defendants' property.

Defendants rely on Evid. R. 1005 which provides the methods for authenticating public records.[5] The rule of evidence, though not in effect at the time of this trial, may be utilized retrospectively in pending cases when it is feasible and no injustice results. See Evid. R. 1102. Thus, we may apply Evid. R. 1005 to the instant case.

That rule allows a copy of an official document to be admitted into evidence where it is testified to be correct by a witness who has compared it to the original. While this was not explicitly done, plaintiff Kenneth Deyling, among other witnesses, did testify on direct and cross-examination that he was the owner of the property granted the easement. The trial judge could then compare that testimony with the document submitted and conclude that the deed was authentic.

Accordingly, defendants' third assignment of error is overruled.

### Assignment of Error No. IV

"IV. The trial court erred in its judgment and gave the plaintiffs-appellees damages in the sum of $3,065.00 against the defendants-appellants."

Defendants here contend that plaintiffs failed to show how and to what extent they were damaged.

Plaintiffs, however, presented testimony from two contractors who had estimated the cost of re-grading the roadway on the easement. Since the evidence also showed that defendants had a role in making the road unusable, as well as placing obstructions upon it, plaintiffs were entitled to recover part of the cost from them. Furthermore, defendants had built a fence which unlawfully encroached on plaintiffs' property.

Defendants' fourth assignment of error is hereby overruled.

### Assignment of Error No. V

"V. The trial court erred when it did not dismiss defendant-appellant Stanley Flowers from this instant case."

The trial court did not err when it failed to dismiss Stanley Flowers as a defendant. Stanley Flowers has a sufficient interest in this property, through his marriage to Victoria Flowers, to make him a necessary party for purposes of

___

objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

[5] Evid. R. 1005 reads:

"The contents of an official record, or of a document authorized to be recorded or filed and actually recorded or filed, including data compilations in any form if otherwise admissible, may be proved by copy, certified as correct in accordance with Rule 902, Civ. R. 44, Crim. R. 27 or testified to be correct by a witness who has compared it with the original. If a copy which complies with the foregoing cannot be obtained by the exercise of reasonable diligence, then other evidence of the contents may be given."

relief in the instant case. See *Third Federal S. & L. of Cleveland* v. *Rini* (Dec. 18, 1980), Cuyahoga App. No. 42152, unreported.

Moreover, many of Stanley Flowers' acts precipitated the need for this lawsuit. Being responsible for obstructing the easement, it is necessary that he be enjoined from doing so again. Furthermore, records show that on December 31, 1979, Stanley Flowers became the real owner in interest until he later quitclaimed that interest back to Victoria Flowers. Thus, to dismiss Stanley Flowers would not assure plaintiffs that these obstructions would cease.

Accordingly, defendants' fifth assignment of error is overruled.

Judgment is affirmed.

*Judgment affirmed.*

MARKUS, P.J., and NAHRA, J., concur.