DECISION AND JUDGMENT ENTRY
This is an appeal from a Scioto County Common Pleas Court judgment in favor of Steven and Elizabeth Swayne, plaintiffs below and appellees herein, on their claim against Lowell Roof, defendant below and appellant herein. The following errors are assigned for our review:
FIRST ASSIGNMENT OF ERROR:
 "THE COURT ERRONEOUSLY RULED THAT PLAINTIFF ACQUIRED TITLE TO THE DRIVEWAY IN QUESTION BY VIRTUE OF ADVERSE POSSESSION AND OR PRESCRIPTION."
SECOND ASSIGNMENT OF ERROR:
 "THE COURT AFTER FINDING THAT THE PLAINTIFFS ACQUIRED TITLE BY ADVERSE POSSESSION PUT ON AN ENTRY PREPARED BY THE PLAINTIFF ALSO FINDING THAT THE PLAINTIFFS ACQUIRED TITLE BY NOT ONLY ADVERSE POSSESSION BUT ALSO BY IMPLICATION AND PRESCRIPTION WHICH RULING IS ALSO ERRONEOUS."
THIRD ASSIGNMENT OF ERROR:
 "THE COURT ERRONEOUSLY FOUND THAT THE DRIVEWAY IN QUESTION SHOULD BE PLACED FURTHER OVER UPON THE PROPERTY OWNER BY DEED OWNED BY THE DEFENDANT HEREIN THAN IS REASONABLY NECESSARY FOR GAINING ACCESS TO THE BACK OF PLAINTIFF'S PROPERTY AND FURTHER THAT SAID PLAINTIFF DID NOT HAVE ANY OTHER MEANS OF GAINING ACCESS TO THE BACK YARD OF PLAINTIFF'S PROPERTY."
A brief review of the facts pertinent to this appeal is as follows. The parties are adjacent property owners along Buckley Street in Sciotoville. A driveway lies somewhere between the houses on their two properties, and it is over this strip of land which the current dispute has arisen.
Appellees commenced the action below on September 24, 1996. They alleged that appellant had erected a fence over the driveway and blocked their access to a garage at the rear of their property. The appellees asserted that (1) the fence was on their land and, (2) the prior owners of both properties had, for at least twenty-one (21) years, acquiesced in each other's mutual use of that driveway. Appellees requested an injunction requiring the removal of the fence as well as an order quieting their title to the driveway and recognizing that they had acquired a "prescriptive right" to its "unobstructed use."
Appellant admitted that he erected the fence, but denied that his neighbors have any property interest in the driveway. In addition, appellant filed a counterclaim which alleged that the complaint was frivolous and that appellees had trespassed on his property. Appellant asked to be compensated for his attorney fees and for "the aggravation in defending" this case, together with a permanent injunction to prevent appellees from any further trespass on his property. Appellees denied liability on the counterclaim.
On September 10, 1997, appellees filed a motion for summary judgment. Specifically, appellees argued that the driveway was constructed for, and considered to be, the driveway for their property. They further asserted that, even if the driveway was not located on their property, they had acquired title by adverse possession or had acquired a prescriptive easement for its continued use.
In support of their argument(s), appellees attached an affidavit by Kathleen McGraw who recounted that appellees' house was built in 1937 or 1938 and that the driveway was laid out for that house. McGraw attested that she and her husband bought that house in 1945 and lived there until 1948 when they purchased the property next door and built another house to which they subsequently moved. This second house, the one now owned by appellant, had its own driveway. Finally, McGraw stated that she and her husband sold their original house in 1948 to Sadie Dials. An affidavit from Edgel Kazee, Sadie Dials' son, was also submitted in support of the motion and stated that his mother had owned the property from 1948 until her death in 1977 and that the driveway in question had always been regarded as belonging to the house now owned by appellees.[1] This information was corroborated by several additional affidavits from subsequent property owners which stated that they always viewed the driveway as belonging to the property now owned by appellees.
On September 25, 1997, appellant filed his own motion for summary judgment and argued that his neighbors had no claim to the driveway. Appellant attached his own affidavit and attested that he had owned the property since 1979 and that he never permitted anyone to use the driveway. Further, insofar as the claims for adverse possession and prescriptive easements were concerned, he argued that those claims must fail because, even with tacking, there had never been twenty-one (21) years of uninterrupted adverse use of the driveway. In support of that argument, appellant attached an affidavit from his attorney. This affidavit revealed that his attorney had conducted a title search on both premises and found that the aforementioned Sadie Dials had, at one time, owned both pieces of property. Dials acquired the land now owned by appellees in 1948 and the land now owned by appellant in 1957. Dials owned both parcels until her death, the two parcels were subsequently transferred from her estate in 1978. Appellant argued that in light of the fact that Dials owned both properties, she could not adversely possess against herself and this broke the twenty-one (21) year chain necessary to show either adverse possession or a prescriptive easement.
Appellees argued in their memorandum contra that even if Sadie Dials' ownership of the property did interrupt the period of adverse use, such use before her ownership could still be tacked onto the period of adverse use after her ownership so as to establish the requisite twenty-one (21) years. Moreover, appellees argued that Dials' ownership of both parcels gave rise to an implied easement over the property now owned by appellant.
On June 11, 1999, the trial court granted summary judgment for appellees and held that the appellees had "acquired the disputed area of land" by "adverse possession." The court directed appellees to prepare a judgment entry that reflected the court's decision and "[o]rdering a mandatory injunction requiring [appellant] to remove the fence from the disputed area of land and quieting [appellees'] title to their property." Appellees thereafter tendered a judgment which was filed for record on August 24, 1999. This judgment, in addition to specifying that appellees had acquired title by adverse possession as set out in the trial court's decision, also included language stating that they had "an easement over said area, by implication and by prescription." The entry further provided for a hearing to be held to determine the driveway's width and the new boundary line between the properties.
The trial court conducted a hearing and subsequently determined that the boundary line would be as determined by Richard Howerton in a survey that he had prepared and introduced at the hearing. The court also repeated its findings that appellees had "acquired titled [sic] to that part of the area between their residences used as a driveway, by adverse possession, and an easement over said area by implication and prescription." This appeal followed.
 I
Appellant asserts in his first assignment of error that the trial court erred by finding that appellees acquired either title by adverse possession or a prescriptive easement over his land. We agree with appellant.
Initially, we note that we review summary judgments de novo. SeeBroadnax v. Greene Credit Service (1997), 118 Ohio App.3d 881, 887,694 N.E.2d 167, 171; Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38,41, 654 N.E.2d 1327, 1329; Maust v. Bank One Columbus, N.A. (1992),83 Ohio App.3d 103, 107, 614 N.E.2d 765, 768. Accordingly, we afford no deference to a trial court's decision, see Hicks v. Leffler (1997),119 Ohio App.3d 424, 427, 695 N.E.2d 777, 779; Dillon v. Med. Ctr.Hosp.(1993), 98 Ohio App.3d 510, 514-515, 648 N.E.2d 1375, 1378; Moreheadv. Conley (1991), 75 Ohio App.3d 409, 411-412, 599 N.E.2d 786, 788, and we conduct our own review to determine if summary judgment was appropriate. Woods v. Dutta (1997), 119 Ohio App.3d 228, 233-234,695 N.E.2d 18, 21; Phillips v. Rayburn (1996), 113 Ohio App.3d 374, 377,680 N.E.2d 1279, 1281; McGee v. Goodyear Atomic Corp. (1995),103 Ohio App.3d 236, 241, 659 N.E.2d 317, 320.[2]
Summary judgment under Civ.R. 56(C) is appropriate when the movants are able to demonstrate that (1) there are no genuine issues of material fact, (2) they are entitled to judgment in their favor as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party. Zivich v. Mentor SoccerClub, Inc. (1998), 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201, 204;Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197,1199; Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66, 375 N.E.2d 46, 47-48. The nonmoving party is, of course, entitled to have the evidence construed most strongly in its favor.
After our review of the evidentiary materials submitted by both parties in the case sub judice, we are not persuaded that appellees were entitled to judgment in their favor as a matter of law.
To establish title to the driveway by adverse possession, appellees were required to prove that they had exclusive possession and open, notorious, continuous and adverse use for a period of twenty-one (21) years.Grace v. Koch (1998), 81 Ohio St.3d 577, 692 N.E.2d 1009, at the syllabus; also see Perry v. Dearth (Jul. 26, 2000), Washington App. No. 99CA26, unreported. Similarly, in order to acquire a prescriptive easement over the driveway, appellees had to establish that the use of the driveway was open, adverse to the owners' rights, notorious, continuous and for a period of at least twenty-one (21) years. Carlyn v. Garn (1995),105 Ohio App.3d 704, 707, 664 N.E.2d 1325, 1327; Div. ofWildlife v. Freed (1995), 101 Ohio App.3d 709, 712,656 N.E.2d 694, 696; Pence v. Darst (1989),62 Ohio App.3d 32, 37, 574 N.E.2d 548, 551. With this in mind, we turn our attention to the evidentiary materials which provide the following information regarding these two properties:
 1233 Buckley Street 1231 Buckley Street (Appellees' property) (Appellant's property)
The Dawsons built house The McGraws acquire the in 1937/1938 property in 1946 Owned by the McGraws The McGraws build house 1945-1948 in 1948 Owned by Sadie Dials or Owned by Sadie Dials or her estate 1948-1978 her estate 1957-1978 Owned by Edgel Kazee Owned by Kathleen McGraw 1978-1981 1978-1979 Owned by Edgel Kazee Owned by Appellant 1983-1983 1979-present Owned by Karen 
Winfield Oakes 1983-1989 Owned by Rickey Walker 1989-1990 Owned by Christopher Pitts 1992-1995 Owned by Appellees 1995-present
The first problem that appears in the instant case is the "continued" use element. From the time appellees' home and driveway were constructed in 1937 or 1938, until commencement of this action in 1996, we find no single twenty-one (21) year period of uninterrupted adverse use sufficient to establish title by adverse possession or a prescriptive easement. Sadie Dials owned the alleged "servient" tenement for more than twenty years. Obviously, during that period of time Dials did not exercise possession over the property adverse to her own ownership interests. The easement thus constitutes a break or interruption in the period of adverse use. See 2 Ohio Jurisprudence 3d (1977) 529, Adverse Possession, § 29; 3 American Jurisprudence 2d (1986) 195, Adverse Possession, § 98. Thus, the dispositive question in this case is what effect that interruption had on the tacking of adverse ownership.
Although appellees appear to have abandoned their argument on appeal, appellees argued below that periods of adverse use both before and after Sadie Dials owned the property could be tacked together in order to establish the requisite twenty-one (21) year period. We disagree with that argument. It is well-settled that adverse use must be continuous for the full statutory period. Any interruption will cause adverse use period to start anew. See 5 Thompson, Real Property (1979) 662, § 2552; 2 Corpus Juris Secundum (1972) 886, Adverse Possession, § 164; 3 Wasburn, Real Property (1868) 124. The reason that non-successive periods of adverse use may not be "tacked" on is best explained by Ohio State University Professor Callahan, as follows:
 "[T]wo or more successive adverse possessions can be added together if there is `privity' — meaning a transfer between the parties. So long as the possession is witheld from the owner as a result of the same ouster his cause of action continues and it makes no difference that the potential defendants may be different persons. However, if there is no privity between the first adverse possessor and the second, then the second adverse possessor has committed a new ouster; this gives rise to a new cause of action and the statute begins running afresh." (Endnote omitted.) Callahan, Adverse Possession (1961) 65.
Sadie Dials owned both dominant and servient tenements for approximately twenty years. During that time Dials could not exercise adverse possession against her own interests. She did not oust herself from possession and would not have been expected to bring a lawsuit to protect her own interests in the servient tenement. This provides an illustration as to why periods of adverse use are deemed interrupted during common ownership of the dominant and servient tenements.
That said, and considering that the statutory period began anew after the transfer of the property from Sadie Dials' estate, a mathematical computation reveals that no twenty-one (21) year period of continued adverse use exists. Thus, appellees could not have acquired title by adverse possession or have established a prescriptive easement.
Accordingly, based upon the foregoing reasons, we sustain appellant's first assignment of error.[3]
 II
Appellant argues in his second assignment of error that the trial court erred by determining that appellees had an implied easement across his property. Again, we agree. Initially, however, we note that our review reveals several procedural and substantive problems with this aspect of the trial court's judgment. First, it appears that appellees did not include a claim for an implied easement in their complaint and they did not file an amended complaint to include such a claim. Moreover, the implied easement issue was not raised in their summary judgment motion nor was it mentioned in the trial court's June 11, 1999 decision which granted summary judgment. The issue was apparently first raised in appellees' memorandum contra appellant's motion for summary judgment, and then appeared in the trial court's judgment.
Appellees attempt to remedy this problem and rely on Civ.R. 15(B) which provides for the amendment of pleadings to conform to issues "tried by express or implied consent of the parties." We are not persuaded.
To begin, it is not clear when the implied easement issue was actually "tried" in the case sub judice. This issue was decided on summary judgment rather than at trial. Although our research has uncovered some cases in which a Civ.R. 15(B) amendment has been permitted in summary judgment proceedings, in those cases the issue was argued (or litigated) during the summary judgment hearing. See e.g. Branstetter v. State Auto.Mut. Ins. Co. (Aug. 20, 1986), Hamilton App. No. C-860020, unreported;Zimmie v. Zimmie (Feb. 3, 1983), Cuyahoga App. Nos. 43299, 44803 
44804, unreported.[4] In the instant case, no hearing was conducted and appellant had no opportunity to expressly or to impliedly consent to this issue being raised. We note that appellees apparently did not assert this claim until its inclusion in their memorandum contra summary judgment. We are, therefore, not convinced that Civ.R. 15(B) applies under these circumstances.
Even assuming arguendo that Civ.R. 15(B) is applicable, we find insufficient evidentiary materials under Civ.R. 56(C) to support a summary judgment for appellees on this issue. The Ohio Supreme Court held that the elements of an implied easement are:
 "(1) A severance of the unity of ownership in an estate; (2) that before the separation takes place, the use which gives rise to the easement shall have been so long continued and obvious or manifest as to show that it was meant to be permanent; (3) that the easement shall be reasonably necessary to the beneficial enjoyment of the land granted or retained; (4) that the servitude shall be continuous as distinguished from a temporary or occasional use only." (Emphasis added.)
Campbell v. Great Miami Aerie (1984), 15 Ohio St.3d 79, 80-81,472 N.E.2d 711, 713; Ciski v. Wentworth (1930), 122 Ohio St. 487,172 N.E.2d 276, at paragraph one of the syllabus; Deyling v. Flowers
(1983), 10 Ohio App.3d 19, 460 N.E.2d 280.
In the case sub judice, the evidentiary materials do not indicate that this easement is "reasonably necessary" to appellees' beneficial use of their own property. Again, the party claiming an implied easement must prove that the dominant estate is "visibly dependent" on that easement in order to fully enjoy the property. See Hammond v. Klonowski (Jun. 29, 2001), Erie App. No. E-00-044, unreported; Hurst v. Baker (Aug. 22, 2000), Gallia App. No. 99CA14, unreported (implied easements are based on the theory that, without such an easement, a party cannot make full use of their land).
Moreover, an implied easement theory does not appear to apply to the facts of this case. As stated above, in order to establish an implied easement, one must demonstrate a severance of the unity of ownership in an estate. Ciski, supra, at paragraph one of the syllabus. In order to demonstrate the severance of the unity of ownership in an estate, one must first demonstrate that there was "a unity of ownership in an estate." This is the point in which appellees' argument fails. Appellees cite the period of time that Sadie Dials owned the property as evidence of a unity of ownership of an estate. The property did not, however, form a single estate when Sadie Dials owned it; rather, the property consisted of two separate contiguous estates which Dials happened to own at the same time. This is a significant distinction.
An implied easement is based on a theory that when a land owner makes an apparent use of one portion of the land for the benefit of another portion, a subsequent purchaser of the servient portion takes subject to the servitude imposed for the benefit of the dominant portion. See e.g.Ciski, supra at 469, 172 N.E.2d at 279; also see generally Trattar v.Rausch (1950), 154 Ohio St. 286, 95 N.E.2d 685; Frate v. Rimenik
(1926), 115 Ohio St. 11, 152 N.E. 14. The two properties at issue in this case were separate before Sadie Dials purchased them. Dials did not acquire the property as a single master tract, and then begin to impose a servitude on one portion for the benefit of the other. Indeed, according to McGraw's affidavit, the alleged servitude (i.e. the driveway for 1233 Buckley Street) was imposed approximately ten years before Dials acquired either property. Thus, the theory that Dials created an implied easement during her tenure of ownership does not apply.
Accordingly, based upon the foregoing reasons, we sustain appellant's second assignment of error.
 III
Appellant's third assignment of error asserts that the trial court, after finding that appellees had established their adverse possession/easement claim, erred in establishing the precise location of the subject property. In light of our ruling on appellant's first two assignments of error, however, the third assignment of error has been rendered moot and will be disregarded pursuant to App.R. 12(A)(1)(c).
Accordingly, based upon the foregoing reasons, we hereby reverse the trial court's judgment and remand this matter for further proceedings consistent with this opinion.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and that the case be remanded for further proceedings. Appellant shall recover of appellees the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. Evans, J.: Concur in Judgment Opinion.
[1] The affiant also stated that "[t]he McGraw's [sic] built their house in 1948 and, at the same time, Wilbur McGraw constructed the driveway between the two houses for Sadie Dials." This appears to contradict that portion of McGraw's affidavit which states that the driveway was built by Lee Dawson who originally owned the property.
[2] Appellees cite Myers v. Garson (1993), 66 Ohio St.3d 610,614 N.E.2d 742 for the proposition that we should not substitute our judgment for that of the trial court and should affirm its factual findings so long as they are supported by some competent and credible evidence. However, this is the standard of review employed when a reviewing court determines whether a judgment is supported by the weight of the evidence. However, summary judgments are reviewed de novo and not under a manifest weight of the evidence standard. See Musaelyants v.Allstate Ins. Co. (Jul. 5, 2001), Cuyahoga App. No. 78797, unreported.
[3] Appellees do not really argue in defense of the trial court's finding of adverse possession or of an easement by prescription. Instead, most of their argument is directed to supporting the court's finding of an implied easement which is addressed in appellant's second assignment of error.
[4] Our research also uncovered authority for the proposition that Civ.R. 15(B) has no application in cases in which no trial is conducted.See Miller v. Lima (Aug. 23, 1985), Allen App. No. 1-83-57, unreported.