DANIEL D. STEINBECK, as Executor of JOHN H. STEINBECK, Deceased, Respondent, *v.* EDITH HELENA, Appellant.

Second Department, January 14, 1921.

Easements — when right to have and maintain water pipe from spring does not pass by deed as appurtenance — when implied easement does not survive full covenant warranty deed.

In an action wherein the question involved was the right of the plaintiff to have and maintain a water pipe underground from a spring on the defendant's premises to the plaintiff's house it appeared that originally the two properties had been one farm and that a pipe had been run underground from a spring on property now owned by the defendant to the barns on that property and thence across the highway to the house; that the owner devised the farm to his two sons, one of whom was the plaintiff's testator, excepting the house and curtilage, which was devised to the widow for life; that the two sons divided the farm with the exception of the house, and the plaintiff's testator took a quitclaim deed for that part of the farm on the house side of the road and gave a similar deed to his brother of the property on the opposite side of the road; that on the death of the widow the plaintiff's testator received a deed of the house and curtilage; that in none of the deeds was any mention made of the pipe or spring; that the defendant thereafter acquired the property on which the spring was located by a warranty deed without any reservation as to the pipe or spring, and that although the house had been sup-

plied with water from the spring for a great many years the defendant had no knowledge that the water came from her premises.

*Held*, that the right to have and maintain the pipe from defendant's spring to plaintiff's house did not pass under the deed from the plaintiff's brother to the plaintiff as an appurtanance.

There is no implied easement in favor of the plaintiff to have and maintain the pipe which survived the full covenant and warranty deed to the defendant, for the reason that when she took that deed the existence of the alleged easement was not open and visible upon the premises which she purchased and which were conveyed to her and was not known to her at the time she took title.

APPEAL by the defendant, Edith Helena, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Putnam on the 10th day of January, 1920, upon the decision of the court rendered after a trial at the Putnam Special Term.

*Alfred A. Wheat* [*Clayton Ryder* with him on the brief], for the appellant.

*Ray F. Barnum* [*Frederic S. Barnum* with him on the brief], for the respondent.

MILLS, J.:

There is no dispute as to the facts, and they are the following, as stated in the decision:

About December, 1894, Daniel D. Steinbeck, Sr., died at said town, being the owner of a farm of land therein containing about 270 acres, which was divided into two portions by a highway, with a barn upon one side of the road and a house upon the other, which used to be a common arrangement in farm property. He left him surviving two sons and a widow. He left a will by which he gave to the two sons the farm except that he gave to the widow the use for her life of the house and the lot containing about three-quarters of an acre upon which the house stood. At the time of his death and for many years before, there was a pipe leading from a spring on the barn side of the road to a tub at the barn and thence under the road to some receptacle in the house, such pipe being altogether under ground; and by it both the barn and the house were supplied with water.

In 1895 the sons divided between them the farm by each

giving to the other a quitclaim deed of his portion except the said house and lot. By that division Millard became the sole owner of the portion of the farm on the barn side of the road and John the sole owner of the other part of the farm except the house and lot. The widow continued to reside in the house until her death in 1900. Thereafter in that year the two sons, who had become by her death the sole owners of the house and lot, offered it for sale at public auction and John purchased it for the sum of $1,500. Whereupon Millard gave to John a quitclaim deed of his interest in the house and lot which was duly recorded on February 27, 1901. In July, 1911, Millard sold and conveyed by deed dated July 11, 1911, his portion of the farm to defendant. Up to and after the time of the conveyance to the defendant the pipe continued to be located as above stated and both house and barn continued to be supplied with water through it as above stated.. In the year 1914 defendant cut off the part of the pipe which went from her premises across the road and thus stopped entirely the flow of water from the spring to the premises of John, and this action was thereafter commenced. John died pending the action and his executor was substituted as plaintiff.

Defendant testified that when she purchased the property she had no notice whatever that there was any pipe or any connection from her land to the house. I find in the record no evidence contradicting her testimony in this respect. It is plain that the pipe to plaintiff's house from the locality of the tub at the barn on defendant's land was entirely underground without any evidence of its existence visible upon defendant's premises; and that much the plaintiff at the trial admitted. The learned trial justice found that such use of the water at the house was " open, visible and notorious " for sixty years prior to defendant's cutting off the pipe as aforesaid, and he refused defendant's contrary request. Upon the evidence it is plain that such user had been open and visible only upon the plaintiff's premises, that is, at the house.

The contention of the appellant here is that the right to have and maintain the pipe from defendant's spring to plaintiff's house did not pass under the deed of Millard to John as an appurtenance. It should have been stated before that

not one of the deeds contains any reference to the spring or pipe or use of the water. This claim of the appellant appears to be sustained by the case of *Root* v. *Wadhams* (107 N. Y. 384, 394). Appellant further contends that there is no implied easement in favor of the plaintiff to have and maintain that pipe which survived the full covenant warranty deed to the defendant, for the reason that when she took that deed the existence of the alleged easement was not open and visible upon the premises which she purchased and which were conveyed to her.

This claim also seems to me to be sustained by the authorities cited in his brief by the learned counsel for the appellant. (*Butterworth* v. *Crawford*, 46 N. Y. 349, and *Treadwell* v. *Inslee*, 120 id. 458.) He contends that the vital point in those decisions was that the alleged easement was not visible and notorious. The learned counsel for the respondent attempts to discriminate the instant case from those, because in them the first conveyance by the common owner was of the servient tenement. That, however, is practically the situation here, because under the will of the father the sons John and Millard were the owners of the entire farm and upon his death entitled to immediate possession of all of it except that the widow had a life estate in the house. They owned that subject to that life estate, and in that situation they in 1895 conveyed the alleged servient tenement to Millard without any reservation of the alleged easement. After the mother's death in 1900 Millard quitclaimed to John his interest in the house and lot. The servient tenement thus was first severed and conveyed.

I agree with the counsel for the appellant, however, that the controlling point in the authorities is the fact that the alleged easement was not open and visible and was not known to the defendant when she took her title to the alleged servient tenement.

Hence, I conclude that the decision in the instant case is mistaken and that the judgment should be reversed. As it does not seem possible that upon a new trial evidence may be adduced to show actual notice to the defendant when she purchased, I conclude that a new trial should not be granted.

Therefore, I advise that the judgment appealed from be

reversed, with costs, upon the ground that we consider that the findings Nos. 8 and 10, that the alleged easement was open, visible and notorious when defendant purchased and took her title, were against the weight of the evidence and that defendant's proposed findings Nos. 9, 10, 11, 12, 13 and 14 should have been allowed and found as being required by the weight of the evidence. Therefore, we should reverse said findings Nos. 8 and 10 and make defendant's said proposed findings Nos. 9, 10, 11, 12, 13 and 14, and award judgment to defendant dismissing the complaint upon the merits, with costs.

Jenks, P. J., Rich, Blackmar and Jaycox, JJ., concur.

Judgment reversed, with costs. Findings Nos. 8 and 10 in the decision reversed, and defendant's proposed findings Nos. 9, 10, 11, 12, 13 and 14 are found, and judgment is granted to the defendant dismissing the complaint on the merits, with costs.