RENNER ET AL., APPELLEES, v. JOHNSON ET AL., APPELLANTS.

(No. 38976—Decided June 2, 1965.)

Mr. *William T. Sheffield*, for appellees.

Mr. *Thomas E. Fouch* and Mr. *Charles A. Kopp, Jr.*, for appellants.

TAFT, C. J. Where an owner of two parcels of land subjects one of them to an easement in favor of the other and where such owner sells the dominant parcel without providing for that easement in his grant and where the enjoyment of such easement is reasonably necessary to the beneficial enjoyment of the parcel granted, it may reasonably be inferred that the parties mutually intended there should have been a grant of such easement. Because of the right of the grantee to require reformation of the deed to set forth the mutual intent of the parties, it is often held that the grant of such an easement will be implied. See *Ciski* v. *Wentworth* (1930), 122 Ohio St. 487, 172 N. E. 276.

This implied easement is based upon the equitable right to reform the grant. Hence, such an equitable right should not be enforceable against a bona fide purchaser for value who has no notice of such easement.

Since defendants purchased their property in good faith without notice of any right of adjoining property owners to sewer or water lines under their property, plaintiffs here have no such right enforceable against defendants.

198

Two Ohio courts have previously reached such a result. *Bates* v. *Magennis* (Summit County 1909), 19 C. C. (N. S.) 67 (private sewer), and *Keyler* v. *Eustis* (Cin. Sup. Ct. 1913), 13 N. P. (N. S.) 601 (private sewer). See, also, 3 Powell on Real Property 501, Section 424.

Courts of other states have reached the same result on the same or substantially similar reasoning. *Hannah* v. *Daniel* (1952), 221 Ark. 105, 252 S. W. 2d 548 (alleged oral promise by grantor to permit encroachment); *Blake* v. *Boye* (1906), 38 Colo. 55, 8 L. R. A. (N. S.) 418 (abandoned irrigation ditch); *Robinson* v. *Clapp* (1895), 65 Conn. 365, 32 A. 939 (light and air); *Puorto* v. *Chieppa* (1905), 78 Conn. 401, 62 A. 664 (light and air); *Goldstein* v. *Hunter* (1931), 257 N. Y. 401, 178 N. E. 2d 675 (sewer); *Steinbeck, Exr.*, v. *Helena* (1921), 195 App. Div. 186, 185 N. Y. Supp. 788 (underground pipe); *Tufts* v. *Byrne* (1951), 278 App. Div. 783, 103 N. Y. Supp. 2d 917 (gas main). See annotation, 174 A. L. R. 1241. Some cases reached that result by relying on the recording acts. *Calhoun* v. *Ozburn* (1938), 186 Ga. 569, 198 S. E. 706, and *Pokorny* v. *Yudin* (Tex. Civ. App. 1945), 188 S. W. 2d 185.

In reaching a contrary result, *Ricenbaw* v. *Kraus* (1953), 157 Neb. 723, 61 N. W. 2d 350, relied upon cases holding that easements acquired by prescription are enforceable against bona fide purchasers without notice. However, such an easement by prescription (if a hidden easement may be acquired by prescription) is not dependent, as is a so-called implied easement, on any mere equitable right. An easement by prescription arises because and when the statute of limitations bars an action against the one asserting such an easement. Thereafter, the owner of the servient parcel has no cause of action to interfere with such easement, and he can convey no right to assert such a cause of action to anyone, unless a right to do so may in effect arise by reason of recording acts or of some other statute.

A contrary result was likewise reached in *McKeon* v. *Brammer* (1947), 238 Iowa 1113, 1125, 29 N. W. 2d 518, 525, 174 A. L. R. 1229, which followed the decision and reasoning in *Wiesel* v. *Smira* (1928), 49, R. I. 246, 142 A. 148, 58 A. L. R. 818. In the latter case it is recognized that a bona fide purchaser of land subject to an easement who has notice thereof "may take the

land relieved of its burden''; but that this is because the owner of the dominant parcel ''has failed to do something that he ought to have done''; and that there is nothing that such owner can do to warn prospective purchasers of the servient parcel of his hidden easement. In our opinion, these are not sound reasons for refusing to protect a bona fide purchaser against a hidden easement of which he has no actual or constructive notice. The owner of the dominant parcel could request a deed for the easement from the owner of the servient parcel. If given, he could record it. If refused, he could bring an action in equity to establish his legal right to the easement. In either event, a bona fide purchaser would then take subject to the easement because he would have constructive notice thereof either from the record or the action.

Furthermore, the General Assembly has provided that all interests in land shall be transferred by written instrument, Section 1335.04, Revised Code (substantially unchanged since 1810, 29 Ohio Laws 218), and that such instruments shall be fraudulent as against a bona fide purchaser without notice unless recorded pursuant to Section 5301.25, Revised Code (substantially unchanged since 1831, 29 Ohio Laws 346, 348). See *Wilkins* v. *Irvine* (1877), 33 Ohio St. 138, 146, *Railway* v. *Bosworth* (1888), 46 Ohio St. 81, 18 N. E. 533, 2 L. R. A. 199, and *Varwig* v. *Cleveland, Cincinnati, Chicago & St. Louis Rd. Co.* (1896), 54 Ohio St. 455, 44 N. E. 92 (unrecorded deed of easement). Thus, our conclusion in this case is also required by the long established policy of the state exemplified by those statutes.

*Judgment reversed.*

ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.