CAMPBELL, APPELLANT, *v.* GREAT MIAMI AERIE No. 2309, FRATERNAL ORDER OF EAGLES, APPELLEE.

[Cite as Campbell *v.* Great Miami Aerie (1984), 15 Ohio St. 3d 79.]

(No. 84-477—Decided December 31, 1984.)

*Messrs. Logan, Davis, Zimmers & Leppla* and *Mr. Gary J. Leppla,* for appellant.

*Messrs. Tracy & Long* and *Mr. Patrick D. Long,* for appellee.

*Per Curiam.* The issue presented is whether there was an implied easement upon the property of appellant to accept the flow of sewage from appellee's adjoining property so that it could be discharged into appellant's sewage system. Upon this record, we hold that the lower courts committed error in finding that there existed an implied easement.

This court has previously recognized that an easement may be created by specific grant, prescription, or implication which may arise from the particular set of facts and circumstances. *Yeager* v. *Tuning* (1908), 79 Ohio St. 121; *Ciski* v. *Wentworth* (1930), 122 Ohio St. 487; and *Trattar* v. *Rausch* (1950), 154 Ohio St. 286 [43 O.O. 186].

The essential elements required to establish an implied easement have been set forth by this court in a number of prior opinions. In *Ciski* v. *Wentworth, supra,* the court held in paragraph one of the syllabus:

"While implied grants of easements are not favored, being in derogation of the rule that written instruments shall speak for themselves, the same may arise when the following elements appear: (1) A severance of the unity of ownership in an estate; (2) that before the separation takes place, the use which gives rise to the easement shall have been so long continued and obvious or manifest as to show that it was meant to be perma-

nent; (3) that the easement shall be reasonably necessary to the beneficial enjoyment of the land granted or retained; (4) that the servitude shall be continuous as distinguished from a temporary or occasional use only."

An implied easement must be "apparent, continually used, and reasonably necessary to the use and enjoyment of the land." *Baker* v. *Rice* (1897), 56 Ohio St. 463, syllabus. It is necessary for the advocate to prove that his client's property is "visibly dependent" upon the alleged easement. *Natl. Exchange Bank* v. *Cunningham* (1889), 46 Ohio St. 575, paragraph one of the syllabus. Finally, the use which serves as the basis for an implied easement upon the severance of ownership must be "continuous, apparent, permanent and necessary." *Trattar, supra,* at paragraph five of the syllabus.

In deciding the case before us, the trial judge recognized the four elements outlined in the *Trattar* decision. However, it was his application of the elements which was erroneous.

It has been held that in order for a use to be apparent it must be "plainly visible," *Frate* v. *Rimenik* (1926), 115 Ohio St. 11, paragraph two of the syllabus, or openly and plainly attached to or upon the land, *Baker, supra,* at 475. See, also, *Benninghoff* v. *Skinner* (1938), 63 Ohio App. 184 [16 O.O. 473]. There is also case law which instructs us that an easement may be apparent even though it is not readily visible if it may be seen or known on a careful inspection of the premises by a person ordinarily conversant with the subject. *Blanchet* v. *Ottawa Hills Co.* (1939), 63 Ohio App. 177, 181-182 [16 O.O. 470].

We believe this case must also encompass the legal principles of the well-reasoned view expressed by this court in *Renner* v. *Johnson* (1965), 2 Ohio St. 2d 195 [31 O.O.2d 406]. In *Renner,* the owners of a dominant parcel sought to enjoin the termination of their water and sewer lines by the owners of the servient parcel. The court concluded that an equitable easement is not enforceable against a bona fide purchaser for value who has no actual or constructive notice of the easement.

In its decision in *Renner,* the court further emphasized the statutory requirement to set forth all property rights within the written instruments which are to be recorded pursuant to the recording provisions of our state. Accordingly, it was stated:

"'* * * In our opinion * * * [there are no] sound reasons for refusing to protect a bona fide purchaser against a hidden easement of which he has no actual or constructive notice. The owner of the dominant parcel could request a deed for the easement from the owner of the servient parcel. If given, he could record it. If refused, he could bring an action in equity to establish his legal right to the easement. In either event, a bona fide purchaser would then take subject to the easement because he would have constructive notice thereof either from the record or the action." *Id.* at 199.

It has also long been recognized that the burden of proof is upon the

party claiming the implied easement to establish that such easement was apparent to the party sought to be charged with the knowledge of it. This burden is in accord with the policy restricting the doctrine of implied easements. *Trattar, supra,* at paragraphs three and seven of the syllabus.

Turning to the present case, upon the facts before it the trial court found that the septic system was in existence at the time that both parcels had a common owner. From this finding, the court proceeded to determine that an implied easement was created "* * * from the evidence that the use was then, and continues to be, continuous, apparent, permanent and necessary." The court of appeals agreed that all of the requisite elements were present within the facts as presented.

Although this court will not weigh the evidence, we may find reversible error where an element of law necessary to prove a cause of action is absent. Here, there seems little doubt that there was continuity and permanency in the existence, if not the use, of the septic system. The evidence established that the septic system had been in existence in excess of thirty years. As to the element of necessity, although the facts indicate that the Eagles could have provided an alternative sewage disposal method by hooking into the sewer line of the city of Franklin which was located within a reasonable distance of their property, we shall assume, *arguendo,* that the continued use of the septic system upon the burdened property was reasonably necessary to the previous owner and the current owner, the Eagles.

The remaining element at issue before the trial court in order to establish the implied easement in question was whether the easement was apparent. The evidence points out that appellant, upon viewing the premises prior to its purchase, did see a number of manholes which could reasonably provide one with the knowledge that there was a sewer system of some type on the property. In addition, at the time of the closing, the real estate broker for the vendor stated that there was a holding-tank system on the property, but apparently there was no mention of a septic system located thereon. Also it appears there was no statement by the broker concerning any flow of sewage from the Eagles' property to that of appellant. The owner-vendor of the property, who was not present at the closing, did not discuss a septic system with appellant prior to the closing.

After his occupancy, appellant became aware of the existence of both systems and was subsequently advised by local authorities that the holding tank system was no longer approved by the Ohio Environmental Protection Agency. Appellant secured the assistance of his older brother, a fifteen-year master plumber, to inspect the property along with two Warren County representatives, including the Chief Plumbing Inspector of the Warren County Combined Health District. As a result of the inspection, neither the county personnel nor his brother, the master plumber, gained any knowledge whatsoever which made them aware of the Eagles' use of the sewage system.

Appellant first became aware of the sewage flow from the Eagles lodge to his property when he "happened to see some sewage" passing through one of seven manholes located at the rear of the motel property. Realizing that his own waste disposal system for the motel was not yet operational, appellant subsequently spoke of the matter to certain members of the Eagles. Although the Eagles admitted that they had recently gained knowledge that their property was connected to the sewage system on appellant's property, they refused to terminate their access to the system.

Based on the foregoing, we find an absence of evidence which would support a finding that appellant, at the closing, had actual knowledge of the sewage flow from the Eagles parcel to the septic tank located on his property. Further, we find that the evidence adduced did not show such an apparency of the burden, nor that appellant should have been aware of the existence of the sewage flow to his property, particularly in light of the fact that a number of individuals, who had various degrees of expertise in the matter, did not recognize the problem either.

In this regard, the evidence simply does not support the affirmative defense of an implied easement in this trespass action. Therefore, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed and*
*cause remanded.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

W. BROWN, J., concurs in judgment only.