{¶ 25} In my view, the majority erroneously focuses exclusively on the past use of the existing driveway and rejects any arguments based on the potential use of the 13-foot strip of land belonging to the 351 property. Their refusal to recognize this obvious alternative means of ingress and egress has led them to the dubious conclusion that the use of the existing driveway was intended to be permanent and is reasonablynecessary to the beneficial enjoyment of the 351 property, conclusions with which I disagree. Therefore, I dissent.
 {¶ 26} "Where an owner of two parcels of land subjects one of them to an easement in favor of the other and where such owner sells the dominant parcel without providing for that easement in his grant and where the enjoyment of such easement is reasonably necessary to the beneficial enjoyment of the parcel granted, the grant of such an easement may be implied." Renner v. Johnson (1965), 2 Ohio St.2d 195, paragraph one of the syllabus. As the majority correctly notes, in order to prove an implied easement arising from existing use, the plaintiffs had to show (1) severance of the unity of ownership of an estate, (2) before the separation took place, the use which gave rise to the alleged easement was so long continued and obvious or manifest as to show that it was meant to be permanent, (3) the easement is reasonably necessary to the beneficial enjoyment of one of the parcels, and (4) the servitude must have been continuous, not temporary or occasional. Ciski v. Wentworth
(1930), 122 Ohio St. 487, paragraph one of the syllabus.
 {¶ 27} The driveway existed for ten years at the time the property was divided. I cannot conclude that this use "was so long continued and obvious or manifest as to show that it was meant to be permanent." "`[A] mere temporary provision or arrangement made for the convenience of the entire estate will not constitute that degree of permanency required to burden the property with a continuance of the same when divided or separated by conveyance to different parties.'" Trattar v. Rausch
(1950), 154 Ohio St. 286, 292. If permanent use of the driveway for access to the 351 property had been intended, neither (1) the express easement the Hoopses granted for the use of the driveway so long as they owned the property, nor (2) the inclusion of the 13-foot strip in the 351 property, would have been necessary. That these terms existed as part of the severance of the property tends to show that the use of the driveway was not meant to be permanent. Furthermore, no easement had to be implied because one was expressed, albeit a temporary one. Cf. Renner.
 {¶ 28} In addition, the use of the driveway is not reasonably necessary to the beneficial enjoyment of the 351 property because the strip provides a means of ingress and egress.[4] The majority's refusal to consider means of ingress and egress other than the driveway in assessing whether the use of the driveway is reasonably necessary to the beneficial use of the 351 property is perplexing. How else would one decide whether a use is reasonably necessary? That the driveway has actually been so used for many years, and may be convenient, does not really answer the question.
 {¶ 29} For these reasons, I would find that the 351 property does not have an implied easement arising from existing use of the driveway on the 347 property. Accordingly, I dissent.
[4] This analysis could change if the city refuses to grant a variance from its current code for the construction of a driveway on that strip.