[Cite as *Roubanes v. Brown*, 2012-Ohio-1933.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| WILLIAM ROUBANES | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| NILO BROWN | : | Case No. 11CA019 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Court of Common Pleas, Case No. 10CV152 |
| JUDGMENT: | Affirmed/Reversed in Part & Remanded |
| DATE OF JUDGMENT: | May 1, 2012 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| STEVEN J. SHROCK | GRANT A. MASON |
| SARAH B. BAKER | The Lincoln Building |
| 225 North Market Street | 88 South Monroe Street |
| Wooster, OH 44691 | Millersburg, OH 44654 |

*Farmer, J.*

{¶1}   In June of 1981, Richard and Fay Porter granted an easement to Roberta Long so she could access her seventy-five acre parcel over their property.   The easement was granted over the existing "Old Cabin Road."

{¶2}   On February 14, 1984, the Porters sold their property to appellant, Nilo Brown.   Appellant constructed a driveway on the property.   The driveway crossed the easement, and then joined the easement for a short distance before diverting away.

{¶3}   On January 29, 1991, the Estate of Roberta Long sold her seventy-five acre parcel to Roman Miller.   On April 19, 1991, Mr. Miller acquired a 1.5 acre tract adjacent to the seventy-five acre parcel.   This acquisition gave Mr. Miller roadway access to his property.   However, appellant gave Mr. Miller permission to traverse the driveway on a limited basis after notifying appellant of the intended use.

{¶4}   On April 26, 1993, Mr. Miller sold his entire parcel to appellee, William Roubanes.   Appellee used the driveway for approximately fifteen to sixteen years.   After June 1, 2009, appellant notified appellee orally and via two letters to stop traversing the driveway.   Appellee continued to use the driveway.

{¶5}   On November 5, 2010, appellee filed a complaint against appellant, claiming easement by estoppel and easement by necessity.   Appellee sought a declaration that the easement followed "Old Cabin Road," and sought a temporary restraining order and a preliminary injunction.   On same date, the parties resolved the issues regarding the requested injunctive relief.

{¶6}   On January 10, 2011, appellant filed an answer and a counterclaim, alleging that appellee had trespassed upon his property.

{¶7}    A bench trial commenced on June 23, 2011.  At the conclusion of the trial, appellee dismissed his claim for easement by necessity.  By decision and judgment entry filed September 6, 2011, the trial court found in favor of appellee on his claim for easement by estoppel, and permanently enjoined appellant from interfering with appellee's use of the easement.  The trial court filed a nunc pro tunc judgment entry on September 22, 2011 to add Civ.R. 54(B) language.

{¶8}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶9}    "THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING THAT ROUBANES HAD ESTABLISHED AN 'EASEMENT BY ESTOPPEL'."

II

{¶10} "THE TRIAL COURT ERRED BY FINDING THAT THE DEFENDANT/APPELLANT'S STATEMENTS CREATED ANYTHING OTHER THAN A MERE LICENSE."

III

{¶11} "THE TRIAL COURT ERRED BY FINDING THAT THE PLAINTIFF/APPELLEE HAD PROVEN THE ELEMENTS NECESSARY FOR INJUNCTIVE RELIEF."

IV

{¶12} "THE TRIAL COURT ERRED BY GRANTING THE PLAINTIFF AN EASEMENT WITH GREATER RIGHTS THAN EXISTED BY EITHER THE CONDUCT OF THE PARTIES OR OF THE ORIGINAL 1983 WRITTEN EASEMENT."

V

{¶13} "THE TRIAL CURT ERRED IN NOT FINDING IN FAVOR OF THE DEFENDANT/APPELLANT ON HIS CLAIM FOR TRESPASS."

I, II, III, IV

{¶14} Appellant claims the trial court erred in determining there existed an easement by estoppel. Appellant's claims raise two issues: 1) whether the doctrine of easement by estoppel exists in Ohio and 2) if so, whether the facts in this case establish an easement by estoppel.

{¶15} The first issue is a question of law which this court reviews de novo.

{¶16} In *Renner v. Johnson* (1965), 2 Ohio St.2d 195, the Supreme Court of Ohio accepted the proposition that an implied easement can exist in Ohio, but denied its enforcement against a bona fide purchaser because the easement was not apparent. Prior to *Renner,* the Supreme Court of Ohio in *Yeager v. Tuning* (1908), 79 Ohio St. 121, recognized that a parol license to use the land of another was revocable at the option of the licensor.

{¶17} The reasoning in *Renner* broadens Ohio's approach and permits an easement by estoppel. The essential elements to establish an implied easement are as follows:

{¶18} "The essential elements required to establish an implied easement have been set forth by this court in a number of prior opinions. In *Ciski v. Wentworth, supra,* [(1930), 122 Ohio St. 487] the court held in paragraph one of the syllabus:

{¶19} " 'While implied grants of easements are not favored, being in derogation of the rule that written instruments shall speak for themselves, the same may arise

when the following elements appear: (1) A severance of the unity of ownership in an estate; (2) that before the separation takes place, the use which gives rise to the easement shall have been so long continued and obvious or manifest as to show that it was meant to be permanent; (3) that the easement shall be reasonably necessary to the beneficial enjoyment of the land granted or retained; (4) that the servitude shall be continuous as distinguished from a temporary or occasional use only.'

{¶20} "An implied easement must be 'apparent, continually used, and reasonably necessary to the use and enjoyment of the land.' *Baker v. Rice* (1897), 56 Ohio St. 463, 47 N.E. 653, syllabus. It is necessary for the advocate to prove that his client's property is 'visibly dependent' upon the alleged easement. *Natl. Exchange Bank v. Cunningham* (1889), 46 Ohio St. 575, 22 N.E. 924, paragraph one of the syllabus. Finally, the use which serves as the basis for an implied easement upon the severance of ownership must be 'continuous, apparent, permanent and necessary.' *Trattar, supra,* [*v. Rausch* (1950), 154 Ohio St. 286] at paragraph five of the syllabus." *Campbell v. Great Miami Aerie No. 2309, Fraternal Order of Eagles* (1984), 15 Ohio St.3d 79, 80-81.

{¶21} It is within these frameworks that various courts of appeals have recognized easements by estoppel:

{¶22} "In granting the McCumberses an easement by estoppel over the Pucketts' driveway, the trial court relied on Restatement of the Law 3d, Property (2000) 143, Section 2.10(1), entitled, 'Servitudes Created by Estoppel,' which states:

{¶23} " 'If injustice can be avoided only by establishment of a servitude, the owner or occupier of land is estopped to deny the existence of a servitude burdening the land when:

{¶24} " '(1) the owner or occupier permitted another to use that land under circumstances in which it was reasonable to foresee that the user would substantially change position believing that the permission would not be revoked, and the user did substantially change position in reasonable reliance on the belief.'

{¶25} " 'Normally, the change in position that triggers the application of the rule stated in [Section 2.10(1)] is an investment in improvements either to the servient estate or to the other land of the investor.\*\*\**Failure to object to an investment made in improvements to land by another may give rise to an estoppel against the owner or occupier of the land, if the owner or occupier knows or reasonably should know that the investment is being made on the basis of a mistaken belief that the investor has a nonrevokable right to use the land.'* (Emphasis added.) Restatement of the Law 3d, Property (Servitudes) (2000), Section 2.10, Comment *e*." *McCumbers v. Puckett,* 183 Ohio App.3d 762, 2009-Ohio-4465, ¶18-21.

{¶26} "Where an owner of land without objection allows another to spend money in reliance on a supposed easement, when in justice and equity the land owner ought to have disclaimed his conflicting rights, the owner is estopped to deny the existence of the easement. *Monroe Bowling Lanes* [*v. Woodsfield Livestock Sales* (1969)]*,* 17 Ohio App.2d [146], at syllabus 2. An easement by estoppel may not be claimed by one who has not been misled or caused to change his position to his prejudice. *Id.,* at 149. By failing to object to the planting of the trees, Warren did not mislead the Schindlers nor cause them to plant the trees in reliance on a supposed easement. The limits of the easement were expressly set out in the purchasing agreement and deed. The trial court

did not err in failing to find an easement by estoppel." *Schindler v. Warren* (May 28, 1991), Stark App. No. CA-8253.

{¶27} "In Bruce & Ely, The Law of Easements and Licenses in Land (1988), Section 6.01, a summation of the law of easements by estoppel is stated as follows:

{¶28} "***

{¶29} " 'One claiming an easement by estoppel must establish (1) misrepresentation or fraudulent failure to speak and (2) reasonable detrimental reliance. Claimants alleging misrepresentation not only must prove that the alleged statements were made but also must establish that those statements were actually misrepresentations. Showing reliance presents additional problems. An easement by estoppel claimant cannot rely on an assertion that may be checked easily in the public records or that is contrary to information in the claimant's possession. Moreover, the claimant must change position personally; proof of reliance by third parties does not suffice. Finally, what constitutes reliance depends on the facts and the circumstances of the particular case. Locating improvements on the dominant estate in order to take advantage of the represented easement has been held to satisfy the reliance requirement. Expending money to repair or improve a servient estate also evinces reliance.

{¶30} " 'Courts are reluctant to find an easement by estoppel on the basis of "mere passive acquiescence." Nonetheless, under certain circumstances, equity imposes an obligation to disclose information regarding the existence or location of an easement. Such a duty may be found when the servient estate owner observes the claimant improving the servient estate, but not usually when the servient estate owner

stands by while the claimant improves his own property, the alleged dominant estate. Furthermore, there is authority that an obligation to speak does not arise when a claimant is already in possession of the relevant information.'  (Footnotes omitted.)" *Maloney v. Patterson* (1989), 63 Ohio St.3d 405, 410.

{¶31}  We therefore conclude the doctrine of easement by estoppel is recognized in Ohio under the following conditions: 1) it is apparent and not hidden to a third party purchaser (*Renner, Campbell, Maloney*); 2) it would be reasonably foreseeable that the user of land under certain circumstances would substantially change his position *(Maloney, McCumbers, Schindler*); 3) the person seeking to establish the easement expends some proof of improving the property which is subject to the easement (*McCumbers, Maloney*); and 4) there has been a representation by the servient estate that an easement exists (*Maloney*).

{¶32}  Having resolved that the theory of easement by estoppel does exist under certain circumstances, we must now resolve whether the facts in this case establish an easement.

{¶33}  A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence.  *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279.  A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court.  *Myers v. Garson,* 66 Ohio St.3d 610, 1993-Ohio-9.

{¶34}  The undisputed facts are that a written easement existed over appellant's property to the benefit of the adjacent parcel owner and was referred to as the "Old

Cabin Road." Appellant had constructed part of a driveway on the easement because Old Cabin Road was not functional for him to obtain access to his home. T. at 56. After appellee purchased his parcel, he spoke with appellant about using the driveway and appellant permitted appellee to use the driveway for limited purposes. T. at 67. There is no evidence that appellee did anything to improve the driveway or extend any expense on the driveway. Appellee purchased his parcel in 1993 and never used the Old Cabin Road easement, just appellant's driveway. It was not until 2009 that the controversy over the use of the driveway arose. T. at 60. Admittedly, since appellant's purchase of his property in 1984, only a portion of the Old Cabin Road easement was used. T. at 63.

{¶35} From the facts presented, appellant granted appellee a license to use the driveway some of which included the Old Cabin Road easement. However, as noted by the *Yeager* court at 122, "[a] license is a personal, revocable and non-assignable privilege, conferred either by writing or parol, to do one or more acts upon land without possessing any interest therein."

{¶36} Appellee was not induced to purchase the parcel based upon the license because it was not granted until after the purchase. Appellee did not present any evidence of expending any funds or making any improvements to the driveway. Appellant testified he alone improved the driveway on his property. Appellee clearly had a prescriptive easement by deed via Old Cabin Road; however, he chose appellant's newer driveway for access. Therefore, we conclude the trial court erred in finding an easement by estoppel under the facts sub judice and erred in granting the injunction.

**{¶37}** Assignments of Error I, II, III, and IV are granted.

V

**{¶38}** Appellant claims the trial court erred in failing to find appellee trespassed upon his property. We disagree.

**{¶39}** "A trespasser is one who unauthorizedly goes upon the private premises of another without invitation or inducement, express or implied, but purely for his own purposes or convenience; and where no mutuality of interest exists between him or the owner or occupant." *Allstate Fire Insurance Co. v. Singler* (1968), 14 Ohio St.2d 27, 29.

**{¶40}** In letters dated June 24, 2009 and May 10, 2010 sent to appellee by appellant's attorneys, appellee was told to stop using the driveway and to remove his mailbox from appellant's property, respectively. Plaintiff's Exhibits 7 and 8. Appellee continued to use the driveway. T. at 26. Appellant admitted appellee's alleged trespass encompassed the prescriptive easement on Old Cabin Road. Appellant was unable to enumerate the number of times the alleged trespass occurred after the letters. T. at 71. In fact, appellee attempted to settle the matter with appellant. T. at 72. Appellant presented no damages as a result of the alleged use of his driveway in its entirety.

**{¶41}** We conclude there can be no injury without damages therefore, the claim for trespass was not established.

**{¶42}** Assignment of Error V is denied.

{¶**43**} The judgment of the Court of Common Pleas of Holmes County, Ohio is hereby affirmed in part and reversed in part.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.

s/ Sheila G. Farmer_____

s/ William B. Hoffman_____

_s/ John W. Wise_____

JUDGES

SGF/sg 313

[Cite as *Roubanes v. Brown*, 2012-Ohio-1933.]

IN THE COURT OF APPEALS FOR HOLMES COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| WILLIAM ROUBANES | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| NILO BROWN | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11CA019 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Holmes County, Ohio is affirmed in part and reversed in part, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to be divided equally between appellant and appellee.

s/ Sheila G. Farmer_____

s/ William B. Hoffman_____

_s/ John W. Wise_____

JUDGES