Day, J.
 

 The journal entry of the Court of Appeals does not disclose upon what ground that court based the decree granting to the plaintiffs below the easement in question. The petition prayed for the injunction upon two grounds: First, a prescriptive right, and, second, an easement by implication, passing as an appurtenance under the conveyance of plaintiffs and those under whom they claimed.
 

 The rights of these plaintiffs in this 12-foot strip we think arise by implication from the conveyances made to their predecessors in title from the common owner, and in turn transmitted to the plaintiffs as appurtenances to the land conveyed. “In .order to determine the intent the court will take into consideration the circumstances attending the transaction, the particular situation of the parties, and the state of the thing granted.” 19 Corpus Juris, 914.
 

 At the time of the conveyance of these lots from the common owner, the cottages and outbuildings had been erected thereon and were being occupied. The witnesses testify that this “way” was used to deliver coal “to the five properties there, a private driveway,” and other circumstances appear in the record showing that at the time of these conveyances this way was being used as a means of ingress and egress from the rear of the properties in question to the dedicated alley on the south and to Avon-dale avenue on the north, down to the time of the
 
 *494
 
 erection of the gate at the north end. We think it clearly appears that the circumstances surrounding the parties at the date of the original conveyances from a common owner, Mrs. Molaney, were such as manifested the intent that this 12-foot strip should be used as a way appurtenant to the various lots conveyed. The 12-foot strip was the visible means of ingress and egress to and from the rear of these premises, which for a considerable period of time had been used as such by those occupying the properties in question at the time of the acquiring thereof by a common owner in 1902, and was still so used at the time of her conveyance to the predecessors in title of the plaintiffs below.
 

 When Mrs. Molaney, the common owner, began selling off these five lots, she put the exception of the 12-foot strip in each deed, and, as various periods of time elapsed between the conveyances, one, two, three, or more years, it is apparent that she herself desired and intended that this 12-foot strip should be a way by which access, ingress, and egress might be had to each of the five lots at the rear. She did this for her own protection for the benefit of the unsold lots, as well as for the various grantees in her deeds. We think the intentions of the parties to the various deeds executed by Mrs. Molaney, as deduced from the circumstances, situation, and conditions of the two estates, servient and dominant, were such as to imply an easement in this 12-foot strip on severance of the two estates from the common owner to the various grantees, and that the same was plainly visible and reasonably necessary to the enjoyment of such property. Her subsequent quitclaim of her interest in the southern
 
 *495
 
 86.75 feet of the 12-foot strip, made in 1927, did not affect her previous conveyances, nor the circumstances under which the same were made.
 

 While We recognize that the creation of easements by implication rests upon an exception to the general rule that written instruments shall speak for themselves, yet under proper circumstances the courts have recognized this doctrine. Certain elements are regarded as essential to the creation of an easement by implication, on the severance of unity of ownership in an estate. The same are well stated in the opinion in the case of
 
 Bailey
 
 v.
 
 Hennessey,
 
 112 Wash., 45, at pages 48 and 49, 191 P., 863, as follows:
 

 “Easements by implication arise where property has been held in a unified title, and during such time an open and notorious servitude has apparently been impressed upon one part of the estate in favor of another part, and such servitude, at the time that the unity of title has been dissolved by a division of the property or a severance of the title, has been in use and is reasonably necessary for the fair enjoyment of the portion benefited by such use. * * *
 

 “In determining whether the facts of a particular case bring it within the application of this rule, it is necessary to determine the extent of the use, the character, and the surroundings of the property, the relationship of the parts separated to each other, and the reason for giving such construction to the conveyances as will make them effective according to what must have been the real intent of the parties; the foundation of the rule being that there shall be held to have been included in the conveyances all the rights and privileges which Were inci
 
 *496
 
 dent and necessary to the reasonable enjoyment of the thing granted, practically in the same condition in which the entire property was received from the grantor.”
 

 In support of this view attention may be called to the cases cited in 19 Corpus Juris, 914, under note 18; 34 A. L. R., 233, and cases cited; 1 Thompson on Real Property, Sections 297, 325, 350; 9 Ruling Case Law, pages 754, 755, Sections 21, 22 and 23, page 804, Section 60;
 
 Scott
 
 v.
 
 Moore,
 
 98 Va., 668, 37 S. E., 342, 81 Am. St. Rep., 749;
 
 Frate
 
 v.
 
 Rimenik,
 
 115 Ohio St., 11, 152 N. E., 14.. See, also, 26 L. R. A. (N. S.), 321, note: “The rule has been asserted and is well supported that when a continuous and apparent easement or servitude is imposed by the owner of land upon one portion of it for the benefit of another portion, a purchaser at either a private or a public sale, in the absence of an express revocation or agreement on the subject, takes the servient property subject to the easement or servitude.
 
 Zell
 
 v.
 
 First Universalist Soc.,
 
 119 Pa., 390, 4 Am. St. Rep., 654, 13 A., 447;
 
 Manbeck
 
 v.
 
 Jones,
 
 190 Pa., 171, 42 A., 536;
 
 Cannon
 
 v.
 
 Boyd,
 
 73 Pa., 179;
 
 Held
 
 v.
 
 McBride,
 
 3 Pa. Super. Ct., 155;
 
 Ormsby
 
 v.
 
 Pinkerton,
 
 159 Pa., 458, 28 A., 300;
 
 Geible
 
 v.
 
 Smith,
 
 146 Pa., 276, 28 Am. St. Rep., 796, 23 A., 437;
 
 Overdeer
 
 v.
 
 Updegraff,
 
 69 Pa., 110.”
 

 Entertaining the view that the surrounding circumstances attendant upon the parties at the date of the conveyances from the common owner to the predecessors in title of the plaintiffs below were such as to show no other intention than to create an easement by implication under such conveyances, and that the same passed as an appurtenance to the
 
 *497
 
 successors in title, we reach the conclusion that the Court of Appeals was right in finding that the plaintiffs below had an easement in the 12-foot strip in question and were entitled to an injunction to protect their enjoyment thereof, and the decree in the premises must be affirmed.
 

 Decree affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias and Allen, JJ., concur.