OPINION
Defendants Joseph P., Doris C., John E., and Phyllis Leggett appeal a judgment of the Court of Common Pleas of Tuscarawas County, Ohio, which established a ten foot easement across their property to alleviate a land-locked tract belonging to plaintiff Walter Leggett. Appellants assign three errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1
 PURCHASE OF REAL ESTATE FROM THE ESTATE BY EXECUTOR AND WIFE IS VOID AND FAILURE TO SO HOLD IS REVERSIBLE ERROR.
ASSIGNMENT OF ERROR NO. 2
 THE JUDGMENT OF THE TRIAL COURT IN GRANTING AN EASEMENT OF NECESSITY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS TO DEFENDANTS, JOHN AND PHYLLIS LEGGETT, APPELLANTS AND THUS REVERSIBLE ERROR.
ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN GRANTING AN EASEMENT OF NECESSITY TO THE COMPLAINANTS WHEN IT IS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE GOING TO ALL THE ESSENTIAL ELEMENTS OF THE CASE.
The record indicates all the parties hereto are brothers and their wives who own adjacent real estate parcels which arose from a single tract of land originally owned by John J. Leggett, Sr., father of the parties. During his lifetime, John Leggett, Sr., transferred certain parcels of land to the appellants herein, and these transfers created a land-locked parcel comprising .189 acre, in the center of the original property. This matter was tried to the court, and the court found that during the lifetime of John Leggett, Sr., the appellants permitted access over their properties to the land-locked parcel. After John Leggett, Sr. died, appellee purchased two tracts of land from the estate, but the two tracts were not adjacent and one was not accessible without crossing other parcels of the land. After appellee purchased the property, appellants erected a fence along the property line and placed no trespassing signs along the property line for the express purpose of preventing appellee's access to the land-locked tract. The trial court found the access route had been openly used by the family members, guests, and invitees from approximately 1950, but effectively blocked off after the sale in 1989. The court found the use of the access to the real estate was obvious, long continued, and manifest, and was reasonably necessary to the beneficial enjoyment of the land-locked tract.
 I
Appellants first assert appellee was the executor of the estate of John Leggett, Sr., pursuant to his will. Appellee and his wife purchased the land in question from the estate through another person at public auction. Appellants urge R.C. 2109.44
prohibits the sale of real property by a fiduciary to himself, and provides that the sale is void. Appellants argue because the sale is void, appellee cannot establish ownership of the real estate, which is an element of a cause of action for an easement of necessity across appellants' property. Appellee points out decedent's will gave appellee the right to purchase decedent's residence, along with the tract of land on which it stood, for one-half of the appraised value. The land-locked tract of land, comprised of only .189th of an acre, was not offered separately at auction, and was appraised at $800.00. The tract of land the residence stood on was initially appraised at $46,700.00. Appellee purchased the two tracts together for $44,000.00, which appears to be substantially more than provided for under the terms of the will. Appellee points out the real estate was sold at a public auction, and appellants did not oppose the sale of the land-locked property until after the sale was accomplished. Prior to that time, appellants did not deny anyone access to the land-locked property.
At the time the will was probated, the parties engaged in a legal battle in which appellants were represented by counsel. No objection was made to this 1989 sale, although various other issues were explored during the contested proceedings. The probate court approved the final accounting, including the sale of the estate properties. It appears clear from the record all parties had notice of the events and had full opportunity to object to the sale in 1989. Appellee purchased one of the properties pursuant to his right under the will, at a price which exceeded the appraisal. We find the Doctrine of Latches bars appellants from raising this issue in this case.
The first assignment of error is overruled.
 II
Next, appellants argue the judgment of the trial court in granting an easement of necessity is against the manifest weight of the evidence.
In Ciski v. Wentworth (1930), 122 Ohio St. 487, the Ohio State Supreme Court established the elements for a grant of easement: 1) a severance of the unity of the ownership in an estate; 2) before the separation occurs, the use which gives rise to the easement has been so long continued and obvious or manifest as to show it was meant to be permanent; 3) the easement is reasonably necessary to the beneficial enjoyment of a land granted or retained; 4) the servitude is continuous as distinguished from temporary or occasional.
The trial court recited the above in its findings of fact and conclusions of law, and determined appellee has proved by preponderance of the evidence that he is entitled to a judicially declared easement by necessity. Our review of the record leads us to conclude the trial court's judgment is supported by the weight of the evidence presented, see C. E. Morris v. Foley ConstructionCompany (1978), 54 Ohio St.2d 279.
The second assignment of error is overruled.
 III
Finally, appellants argue the land-locked portion of land is valueless and incapable of development and for this reason, the court should not have granted an easement of necessity across two separate tracts of land, one owned by appellant Joseph Leggett and the other by appellant John Leggett. This easement is a ten foot easement with the centerline being a boundary corner shared by the parcels owned by appellants.
For the reasons stated in II, supra, we find the trial court correctly applied the law and found by a preponderance of the evidence appellants proved the elements of their cause of action. We find the trial court did not err in so finding.
The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur.
 JUDGMENT ENTRY
CASE NO. 97AP010005
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.