[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendants-appellants Benjamin and Joanne Tallarigo appeal the trial court's judgment, following a bench trial, defining the use of a paved, inverted horseshoe-shaped driveway that lies partly on the Tallarigo's property and mostly on property immediately to the east, owned by the plaintiffs-appellees, Eric and Patricia Gruenstein.
The east segment of the driveway lies entirely on the Gruensteins' property. The west segment is partially on the Gruensteins' properly and partially on the Tallarigos' property, where their nine-unit apartment building is located. The south end of both segments provides access to a public street. The Gruensteins' purchased their property in 1975 — twenty-four years before they began this action seeking a prescriptive easement over the Tallarigos' portion of the east segment of the driveway and seeking to quiet title on the portion lying on their property. The Tallarigos counterclaimed, seeking an easement over the Gruensteins' portion of the east driveway segment for the convenience of their tenants.
After hearing the testimony of twelve witnesses and reviewing over forty exhibits, the trial court made findings of fact and in a written opinion concluded that the Gruensteins had proved by clear and convincing evidence their right to a prescriptive easement over the portion of the driveway on the Tallarigos' property. It also found that the Tallarigos had failed to prove an easement either by prescription or by implication over the eastern portion of the driveway that lies on the Gruenstein's property. The trial court did grant to the Tallarigos an easement of prescription and necessity over the west segment of the driveway, thereby ensuring access to the public street.
In their first assignment of error, the Tallarigos assert that the trial court erred in denying their claim for an implied easement over the east driveway segment. To establish an implied easement from a use existing at the time of severance, a claimant must demonstrate the following: (1) a severance in the unity of ownership in an estate; (2) that prior to the severance, the use proposed to give rise to the easement was so long continued and obvious or manifest that it may be presumed to be intended as permanent; (3) that the easement is reasonably necessary to the beneficial enjoyment of the land granted or retained; and (4) that the servitude was continuous, not temporary or occasional. See Ciski v. Wentworth (1930), 122 Ohio St. 487, 172 N.E. 276, paragraph one of the syllabus; see, also, Kincaid v. Yount (1983), 9 Ohio App.3d 145,459 N.E.2d 235.
The evidence adduced at trial revealed that the use of the east driveway segment by the Tallarigos and their predecessors was not continuous, but only occasional. The Tallarigos presented no evidence that, prior to the 1922 severance of the properties, there was a long, continued, and obvious use of the east segment as a driveway to show that it was meant to be permanent. Thus, there is some competent, credible evidence in the record from which the trial court could have concluded that the Tallarigos had not met their burden of proving the second and fourth elements required for an implied easement.
An appellate court will not reverse a judgment of the trial court if it is supported by some competent, credible evidence going to all the essential elements of the case or defense. See Myers v. Garson (1993),66 Ohio St.3d 610, 614 N.E.2d 742; C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. In a case such as this, where the evidence is extensive and subject to more than one interpretation, we are guided by the principle that whether the case is "civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts."State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus; see, also, Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273, 1276. Therefore, the first assignment of error is overruled.
The Tallarigos next assert that the trial court erred in concluding that the Gruensteins had established by clear and convincing evidence a prescriptive easement over the west driveway segment that lies on the Tallarigo's property.
The Gruensteins adduced ample evidence that they had used the property in an open, notorious manner, adverse to the Tallarigos' rights, continuously and for a period of at least twenty-one years. See Nusekabelv. Cincinnati Pub. School Emps. Credit Union (1997), 125 Ohio App.3d 427,433, 708 N.E.2d 1015, 1019; see, also, Grace v. Koch (1998),81 Ohio St.3d 577, 692 N.E.2d 1009. The evidence included testimony that the Gruensteins, having barricaded the eastern entrance of the driveway, had used the west segment openly and continuously, with the actual knowledge of the Tallarigos and the previous owners, and without their permission for twenty-four years. The second assignment of error is overruled, as the record reveals some competent, credible evidence going to all the essential elements of the Gruensteins' claim for a prescriptive easement. See Nusekabel v. Cincinnati Pub. School. Emps.Credit Union; see, also, Myers v. Garson.
In their final assignment of error, the Tallarigos assert that the trial court erred in granting a prescriptive easement over too large a portion of the west driveway segment. As the Tallarigos never adduced any evidence seeking to limit the scope of the easement, and as the evidence revealed that the Gruensteins had used the entire paved portion of the west driveway segment, the trial court's final judgment of February 6, 2001, incorporating its earlier findings of fact and employing a survey conducted to delineate the exact contours of the easements, is supported by some competent, credible evidence and shall not be disturbed. SeeMyers v. Garson. The third assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.