[Cite as *Shangrila Ohio, L.L.C. v. Westbridge Realty Co.*, 2013-Ohio-3817.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   99784

# SHANGRILA OHIO, L.L.C.

PLAINTIFF-APPELLEE

vs.

# WESTRIDGE REALTY COMPANY,* ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-774133

**BEFORE:**   Blackmon, J., Boyle, P.J., and McCormack, J.
**RELEASED AND JOURNALIZED:**       September 5, 2013

*Westridge Realty Co. is no longer a party to this appeal and has been replaced by Robert A. Sating, Jr.

**ATTORNEY FOR APPELLANT**

Andrew R. Kasle
526 Superior Avenue, East
Suite 833
Cleveland, Ohio 44114


**ATTORNEY FOR APPELLEE**

Lei Jiang
Lei Jiang L.L.C.
26943 Westwood Road
Westlake, Ohio 44145

PATRICIA ANN BLACKMON, J.:

{¶1}   This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.   Appellant Robert A. Sating, Jr. ("Sating") appeals the trial court's granting of summary judgment in favor of Shangrila Ohio, L.L.C. ("Shangrila"), and assigns the following four errors for our review:

> I.  The trial court improperly granted Shangrila Ohio, L.L.C. an implied easement on real property which appellant, a bone fide purchaser for value without notice, purchased at [the] Sheriff's foreclosure sale.
>
> II.  The trial court failed to apply the doctrine of lis pendens by granting Shangrila Ohio, L.L.C. an implied easement on appellant's real property since Shangrila Ohio L.L.C. never obtained any interest in appellant's real property.
>
> III.  It was an abuse of discretion for the trial court to grant Shangrila Ohio, L.L.C. an implied easement when the elements for granting an implied easement did not exist.
>
> IV.  The trial court improperly granted Shangrila Ohio, L.L.C. summary judgment when genuine issues of fact exist.

{¶2}   Having reviewed the record and pertinent law, we affirm the trial court's judgment.   The apposite facts follow.

## Facts

{¶3}   On April 28, 2010, Shangrila purchased parcel number 215-10-022 located in Westlake, Ohio, at a sheriff's sale.   The parcel has two buildings, a single story office building (26943 Westwood Road), and a single story hair salon (26945 Westwood Road).  The two buildings abut each other, but are not connected.   They each have a separate access to Westwood Road.

**{¶4}** Adjacent to the parcel is a corner lot, parcel number 215-10-006. The corner lot is an undeveloped lot with the exception of a driveway and a parking lot that were constructed for use by the building housing the hair salon in the 1950s when the lots were owned by the same owner, Westridge Realty Company ("WRC"). In fact, part of the hair salon's building encroaches on the corner lot. There is no access to the hair salon except by the use of the driveway. To the west and north the hair salon is enclosed by the corner lot. To the east of the hair salon is the office building, and to the south is a creek. This sole means of access to the salon was not a problem when the parcels were owned by the same entity.

**{¶5}** After Shangrila purchased its parcel, the two parcels were severed, with WRC retaining ownership of the corner lot. In 2011, KeyBank initiated a foreclosure action on the corner lot. Prior to the foreclosure, WRC tried to force Shangrila to purchase the corner lot from WRC and threatened to block the driveway if Shangrila refused. WRC also informed Shangrila that the property owner on the other side of the corner lot, Robert Sating, was also interested in the property but had offered WRC too low of a purchase price.

**{¶6}** In response, on January 23, 2012, Shangrila filed a complaint for declaratory judgment requesting the court to find that an implied easement existed on the corner lot. Shangrila also requested injunctive relief to prevent WRC from obstructing the driveway and parking lot. The trial court granted plaintiff's motion for a restraining order and discovery proceeded regarding the declaratory judgment.

**{¶7}** In spite of the pending lawsuit, on April 23, 2012, Sating purchased the corner lot by bidding against Shangrila at the foreclosure sale. Sating then joined the lawsuit. Both Sating and Shangrila filed cross-motions for summary judgment. The trial court granted summary judgment in favor of Shangrila in a six-page opinion in which it concluded an implied easement existed on the corner lot.

## Standard of Review

**{¶8}** We review an appeal from summary judgment under a de novo standard of review. *Baiko v. Mays*, 140 Ohio App.3d 1, 746 N.E.2d 618 (8th Dist.2000), citing *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987); *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 699 N.E.2d 534 (8th Dist.1997). Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.

**{¶9}** Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party. We conclude the trial court did not err by granting summary judgment as a matter of law in favor of Shangrila.

## Notice to Bona Fide Purchaser

**{¶10}** In his first assigned error, Sating argues that an implied easement did not attach to the property because he did not have notice of the pending lawsuit. According

to the Ohio Supreme Court, the equitable right of an implied easement should not be enforceable against a bona fide purchaser for value who has no actual or constructive notice of the easement. *Tiller v. Hinton*, 19 Ohio St.3d 66, 482 N.E.2d 946 (1985); *Renner v. Johnson*, 2 Ohio St.2d 195, 207 N.E.2d 751 (1965). He claims that by not intervening in the foreclosure action regarding the corner lot, Shangrila failed to provide notice of the easement.

{¶11} Sating had both actual and constructive notice of the implied easement. Sating was the owner of the parcel adjacent to the corner lot opposite the hair salon since 1986. During this time the driveway and parking lot were used exclusively by the hair salon. Therefore, he had actual notice that the lot was used for the benefit of the salon. *See Mapes v. Smith*, 8th Dist. Cuyahoga No. 81065, 2003-Ohio-428 (neighbor's knowledge that the parcel was used as a common driveway prevented him from arguing he was a bona fide purchaser).

{¶12} Sating also had constructive notice of the easement. Shangrila purchased the parcel next to the corner lot on April 28, 2010. On January 23, 2012, Shangrila filed its declaratory action regarding the implied easement on the corner lot. Sating purchased the corner lot at the sheriff's sale on April 23, 2012. Prior to being issued the deed on July 30, 2012, Sating entered an appearance in the declaratory judgment action on May 18, 2012. Therefore, prior to the sale being complete, Sating had notice of the implied easement. Thus, based on the record, Sating is not a bona fide purchaser because he had

both actual and constructive notice of the easement. Accordingly, Sating's first assigned error is overruled.

## Lis Pendens

{¶13} In his second assigned error, Sating argues that the doctrine of lis pendens prevents the court from concluding an implied easement exists.

{¶14} According to the lis pendens doctrine, "someone who acquires an interest in property that is the subject of litigation is as bound by the result of the litigation as if he had been a party to it himself." *Beneficial Ohio, Inc. v. Ellis*, 121 Ohio St.3d 89, 2009-Ohio-311, 902 N.E.2d 452. Sating argues that because the foreclosure action on the corner lot was pending at the time that Shangrila filed its declaratory judgment action, Shangrila cannot have an implied easement on the property.

{¶15} Lis pendens is not applicable to the instant case because Shangrila's interest in the easement existed prior to the foreclosure action on the corner lot. Shangrila purchased the hair salon property in April 2010, and the foreclosure action on the corner lot was filed on January 21, 2011.

> The rationale underlying the doctrine of lis pendens applies only where a third person attempts to intrude into a controversy by acquiring an interest in the matter in litigation from a litigant while a suit is pending and does not extend to one whose interest existed before the commencement of the suit and who might have been made an original party.

66 Ohio Jurisprudence 3d, Lis Pendens, Section 20 (1986).

{¶16} At the time that Shangrila purchased the lot, a hair salon existed in the space and was operating and using the driveway and parking lot. Thus, when the foreclosure

action was filed on the corner lot nine months later, Shangrila had already established the use of the easement. Thus, because Shangrila's interest predated the foreclosure action, the doctrine of lis pendens does not apply. Accordingly, Shangrila's second assigned error is overruled.

### Implied Easement

{¶17} In his third and fourth assigned errors, Sating argues the trial court erred by granting summary judgment in Shangrila's favor because the evidence did not support the trial court's conclusion that there was an implied easement on the corner lot.

{¶18} Implied easements are based upon the principle that when an individual conveys property, he also conveys whatever is necessary for the use and enjoyment of that property. *Trattar v. Rausch*, 154 Ohio St. 286, 95 N.E.2d 685 (1950), paragraph four of the syllabus. While implied easements are disfavored in the law as being contrary to the rule that written documents speak for themselves, a party has an implied easement if it can establish, (1) that there is a severance of the unity of ownership in an estate, (2) that before the separation takes place, the use that gives rise to the easement must have been so long continued and obvious or manifest as to show that it was meant to be permanent, (3) that the easement is reasonably necessary to the beneficial enjoyment of the land granted or retained, and (4) that the servitude is continuous as distinguished from a temporary or occasional use only. *Campbell v. Great Miami Aerie No. 2309, Fraternal Order of Eagles*, 15 Ohio St.3d 79, 80, 472 N.E.2d 711 (1984), citing *Ciski v. Wentworth*, 122 Ohio St. 487, 172 N.E. 276 (1930).

**{¶19}** There are two ways by which a party may establish an implied easement: (1) an easement implied by necessity, and (2) an easement implied by prior use. *Wheeler v. McBride,* 178 Ohio App.3d 367, 2008-Ohio-5109, 896 N.E.2d 748 (4th Dist.). The requirements to establish both implied easements follow the above elements, except that in an easement implied by necessity, the plaintiff must show "strict necessity" to satisfy the third element, whereas in an easement implied by prior use, the plaintiff need only show "reasonable necessity." *Tiller*, 19 Ohio St.3d at 69, 482 N.E.2d 946. Shangrila claimed both an implied easement by prior use and an easement implied by necessity. The trial court concluded that Shangrila had established a prior use easement.

**{¶20}** There is no dispute that the first element has been met because both parties agree that the ownership of the corner lot and hair salon lot were both owned by the same prior owner, WRC, and severed through foreclosure proceedings.

**{¶21}** The evidence also supported a finding that the second element was met, that the prior use was a long and continuous use that was meant to be permanent. The hair salon has no other driveway or parking lot and the driveway leads only to the hair salon; therefore, the lots are obviously dependent on each other. The hair salon building had used the driveway and parking lot continuously since the 1950s.

**{¶22}** The evidence also supports the third element that the easement is reasonably necessary to enjoy the property. As we stated, a prior use easement need only show that the easement is reasonably necessary, not strictly necessary. In order to determine whether the easement is reasonably necessary, the court considers:

[T]he extent of the use, the character, and the surroundings of the property, the relationship of the parts separated to each other, and the reason for giving such construction to the conveyances as will make them effective according to what must have been the real intent of the parties; the foundation of the rule being that there shall be held to have been included in the conveyances all the rights and privileges which were incident and necessary to the reasonable enjoyment of the thing granted, practically in the same condition in which the entire property was received from the grantor.

*Cadwallader v. Scovanner*, 178 Ohio App.3d 26, 2008-Ohio-4166, 896 N.E.2d 748 (12th Dist.), ¶ 37, quoting *Ciski v. Wentworth*, 122 Ohio St. at 495-496, 172 N.E. 276.

{¶23} When the hair salon was originally built in 1950, the driveway and parking lot were constructed at the same time. Without the implied easement, the hair salon would lose access to the main road. Additionally, the corner lot must be traversed to enter the hair salon because the corner of the hair salon's building sits on the corner lot. The hair salon's utility meters also border the corner lot. The salon cannot build another access in the back of the building because it is bordered in the back by a ravine and a creek. Thus, the original intent regarding the parcels shows the hair salon and the corner lot, which were constructed at the same time, were meant to be dependent on each other.

{¶24} Sating argues that the hair salon could use the parking lot to the east of the office building. However, this would require customers to walk around the building to get to the hair salon and does not address the fact that customers would still have to cross over the corner lot to get into the hair salon, and utility companies would have to access the driveway and parking lot to get to the salon's meters. Additionally, the office building parking lot is not visible from the hair salon because it is located behind the

office building and is not close to the hair salon. Moreover, an alternative means of entry does not defeat an easement by prior use, where the plaintiff only needs to show the easement is "reasonably necessary" not "strictly necessary." *Dunn v. Ransom,* 4th Dist. Pike No. 10CA806, 2011-Ohio-4253; *Metro. Home Inv. Corp. v. Ivy Hill Condominium Assn.*, 11th Dist. Trumbull Nos. 97-T-0030 and 97-T-0143, 1998 Ohio App. LEXIS 5820 (Dec. 4, 1998).

{¶25} The fourth element, proof that the servitude is continuous as distinguished from a temporary or occasional use, has also been shown. As we stated above, the driveway, parking lot, and hair salon were all constructed at the same time in the 1950s, and the salon has used the driveway and parking lot continuously since then. Shangrila has shown no intent to abandon the use. Although Sating contends the salon was vacant for over a year shortly after Shangrila took possession, the evidence indicated that the salon was vacant for ten months, and during the vacancy, both Shangrila and its new hair salon tenant made needed upgrades and renovations to the building. During this time, the contractors working on the salon used both the driveway and parking lot. Once the work was completed, the building was again used as a hair salon. This evidence refutes Sating's contention that the easement was abandoned.

{¶26} Sating also contends that the trial court's journal entry fails to clearly state what constitutes the implied easement. However, the sole issue throughout the suit was Shangrila's contention that it had an implied easement on the driveway and parking lot. The trial court in its journal entry clearly agreed with Shangrila that the implied easement

encompasses the driveway and parking lot. Whether the easement has tax implications was not an issue before the trial court, and is an issue that could be raised with the appropriate tax authority. Therefore, we contend there is no reason to remand for further clarification.

{¶27} Shangrila has presented sufficient evidence to support each element of an implied easement; therefore, the trial court did not err by granting an implied easement by prior use on the corner lot. Accordingly, Shangrila's third and fourth assigned errors are overruled.

{¶28} Judgment affirmed.

It is ordered that appellee recover from appellants the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P.J., and
TIM McCORMACK, J., CONCUR