[Cite as *Rodriguez v. Kidd*, 2014-Ohio-4239.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| CASSANDRA A. RODRIGUEZ, | : | APPEAL NO. C-130834 |
| and | : | TRIAL NO. A-1300151 |
| RICARDO A. RODRIGUEZ, | : | *O P I N I O N.* |
| Plaintiffs-Appellees, | : | |
| vs. | : | |
| JOY E. KIDD, JR., | : | |
| Defendant-Appellant. | : | |


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 24, 2014


*Greg D. Porter,* for Plaintiffs-Appellees,

*Erik W. Laursen,* for Defendant-Appellant.


Please note:  this case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1}     Prior to 2006, defendant-appellant Joy E. Kidd, Jr., owned land divided into two tracts along Hamilton Avenue.  One of the tracts ("the residential tract") had a house on it.  The house had a driveway that extended through the other tract ("the servient tract") to Hamilton Avenue.  Additionally, there was a water line that serviced the house on the residential tract that ran either on or along the driveway under the servient tract.  The driveway had been in place since 1975, and the water line had been in place since 1931 or 1932.  The driveway provided the only vehicle access to Hamilton Avenue.  The servient tract was otherwise undeveloped.

{¶2}     In 2006, Kidd transferred the residential tract to his mother.  In 2010, the residential tract was lost in foreclosure.  Shortly after that, Kidd dug up the driveway, placed fences to close off road access, and removed the water meter.  In 2012, plaintiffs-appellees Cassandra and Ricardo Rodriguez purchased the residential property from the bank.  They filed suit against Kidd, as the owner of the servient tract, for a declaratory judgment, seeking a declaration that their property had easements for the driveway and water line through the servient property.

{¶3}     The trial court granted the Rodriguezes' motion for summary judgment on whether there was an implied easement by prior use for the driveway access.  But the trial court concluded that there was an issue of fact regarding the water line because no evidence had been put forth regarding the location of the line on the servient easement.  After a bench trial, the trial court found that the water line ran under the servient property, and that Kidd either knew it or should have known it.  The court then ruled in favor of the Rodriguezes on the easement for the water line.

{¶4}     In three assignments of error, Kidd now appeals.   In his first assignment of error, he claims that the trial court improperly found that the Rodriguezes had an implied easement by prior use for the driveway access.  In his second assignment of error, he claims that the trial court improperly found that they had an implied easement by prior use for the water line.

{¶5}     A party has an implied easement if it can establish (1) that there was a severance of the unity of ownership in an estate, (2) that before the separation took place, the use that gave rise to the easement had been so long continued and obvious or manifest as to show that it was meant to be permanent, (3) that the easement is reasonably necessary to the beneficial enjoyment of the land granted or retained, and (4) that the servitude has been continuous, as distinguished from a temporary or occasional use only.  *Campbell v. Great Miami Aerie No. 2309, Fraternal Order of Eagles*, 15 Ohio St.3d 79, 80, 472 N.E.2d 711 (1984), citing *Ciski v. Wentworth*, 122 Ohio St. 487, 172 N.E. 276 (1930), paragraph one of the syllabus.

{¶6}     There is no dispute that the first element had been met.  The parties agreed that Kidd had owned both properties until he deeded the residential tract to his mother in 2006.

{¶7}     The record also supports the conclusion that, at the time of severance, the uses were so long, continued, and obvious or manifest as to show that the easement was meant to be permanent.  Kidd argues that the uses stopped once he destroyed the driveway and removed the water meter, shortly after the bank foreclosed on the proeprty.  But the significant time is the time of severance—when Kidd deeded the property to his mother in 2006, four years before.  At that time, the driveway and water line were in use with every indication that those uses were to be permanent.

3

{¶8}    The record further supports the conclusion that the easements were reasonably necessary to the beneficial enjoyment of the residential land.  In order to determine whether an easement is reasonably necessary, the court considers the following:

> the extent of the use, the character, and the surroundings of the property, the relationship of the parts separated to each other, and the reason for giving such construction to the conveyances as will make them effective according to what must have been the real intent of the parties; the foundation of the rule being that there shall be held to have been included in the conveyances all the rights and privileges which were incident and necessary to the reasonable enjoyment of the thing granted, practically in the same condition in which the entire property was received from the grantor.

*Cadwallader v. Scovanner*, 178 Ohio App.3d 26, 2008-Ohio-4166, 896 N.E.2d 748, ¶ 37 (12th Dist.), quoting *Ciski*, 122 Ohio St. at 495-496, 172 N.E. 276.

{¶9}    Access to the roadway and to fresh, potable water is clearly reasonably necessary to the beneficial enjoyment of the residential tract.  Kidd argues that the Rodriguezes could access both Hamilton Avenue and the water main using an alternate route that did not pass through the servient tract.  But an alternative means does not defeat an easement by prior use, where the plaintiff only needs to show the easement is "reasonably necessary" not "strictly necessary."  *See Shangrila Ohio, L.L.C. v. Westridge Realty Co.*, 8th Dist. Cuyahoga No. 99784, 2013-Ohio-3817, ¶ 24; *see also Dunn v. Ransom*, 4th Dist. Pike No. 10CA806, 2011-Ohio-4253; *Metro. Home Invest. Corp. v. Ivy Hill Condominium Assn.*, 11th Dist. Trumbull Nos. 97-T-0030 and 97-T-0143, 1998 Ohio App. LEXIS 5820 (Dec. 4, 1998).

{¶10}   Finally, the record supports the conclusion that the easements were continuous  as distinguished from a temporary or occasional use only.  The driveway had been blacktopped and in place since before 1975, and the water line was buried underground and had been in place since the 1930s.  And at no point did the owners of the residential tract evidence an intent to abandon the easement.  While Kidd destroyed the driveway and erected fences after the foreclosure, the trial court properly noted that such conduct was ineffectual because, "[i]f that were the case, anyone disputing an easement could destroy the continuity or permanency of use by denying access to the easement."

{¶11}   On this record, the trial court properly concluded that the Rodriguezes demonstrated that easements for their driveway and water line had been created through the servient property owned by Kidd.  We therefore overrule Kidd's first two assignments of error.

{¶12}   In his third assignment of error, Kidd claims that the trial court abused its discretion when it refused to consider hearsay evidence offered to show his intent regarding the easements.  But the only statements the trial court refused to consider were statements made by a third-party relating to the feasibility of accessing the residential property directly from Hamilton Avenue.  The trial court properly considered it hearsay.  *See State v. Trusty*, 1st Dist. Hamilton Nos. C-120378 and C-120386, 2013-Ohio-3548, ¶ 42, citing Evid.R. 801(C).  We overrule his third assignment of error.

{¶13}   Having considered and overruled all three of Kidd's assignments of error, we affirm the judgment of the trial court.

Judgment affirmed.

**HILDEBRANDT, P.J.**, and **FISCHER, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

